391 So.2d 346 (1980)
Charles SHEPPARD, Appellant,
v.
STATE of Florida, Appellee.
No. 80-32.
District Court of Appeal of Florida, Fifth District.
December 17, 1980.
*347 James B. Gibson, Public Defender and Brent A. Woolbright, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION TO INTRODUCE NEWLY-DISCOVERED EVIDENCE
COBB, Judge.
Charles Shepard[1], the defendant/appellant in Case No. 80-32, pro se seeks to file a "Motion" which, if properly before this court, would constitute a petition for writ of error coram nobis. The petition seeks the leave of this court to introduce newly-discovered evidence. See Hallman v. State, 371 So.2d 482 (Fla. 1979).
The petitioner, Shepard, is represented in this appeal by the public defender, who was appointed at his request. The record does not indicate that the attorney has been discharged from that responsibility or substituted.[2] The petition is not signed by the public defender and does not indicate he has seen or reviewed it. Rule 9.360(b), Florida Rules of Appellate Procedure, provides that attorneys in the lower tribunal retain their same status on appeal. That status encompasses the right to be consulted by your client and to know what your client is doing. Otherwise, the attorney is operating in the dark.
The defendant, under appropriate circumstances, has the constitutional right to waive counsel and represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); State v. Cappetta, 216 So.2d 749 (Fla. 1969), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969); Deeb v. State, 131 Fla. 362, 179 So. 894 (1938); Ausby v. State, 358 So.2d 562 (Fla. 1st DCA 1978), cert. denied, 365 So.2d 715 (Fla. 1978); and Williams v. State, 337 So.2d 846 (Fla. 2d DCA 1976). The defendant has no right, however, to partially represent himself and, at the same time, be partially represented by counsel. Goode v. State, 365 So.2d 381 (Fla. 1979), cert. denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979).
Accordingly, the "petition" is stricken from the record and returned to petitioner, with a copy thereof furnished by this court to his counsel of record.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] Despite the spelling in the title of this cause, Shepard spells his name with one "p."
[2] See Rule 3.111(d), Fla.R.Crim.P.