685 So.2d 1250 (1996)
Eric Scott BRANCH, Appellant,
v.
STATE of Florida, Appellee.
No. 83805.
Supreme Court of Florida.
November 21, 1996.
Rehearing Denied January 8, 1997.
*1251 Nancy A. Daniels, Public Defender and David A. Davis, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General and Richard B. Martell, Chief, Capital Appeals, Tallahassee, for appellee.
SHAW, Justice.
We have on appeal the judgment and sentence of the trial court imposing the death penalty on Eric Scott Branch. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. We affirm.
Eric Branch was wanted by police in Indiana and because the car he was driving, a Pontiac, could be traced to him, he decided to steal a car from the campus of the University of West Florida in Pensacola. When Susan Morris, a young college student, approached her car after attending an evening class, January 11, 1993, Branch accosted her and stole her red Toyota. Morris's nude body was found later in nearby woods; she had been beaten, stomped, sexually assaulted and strangled. She bore numerous bruises and lacerations, both eyes were swollen shut, and a wooden stick was broken off in her vagina. Branch was arrested several days later in Indiana and charged with first-degree murder, sexual battery, and grand theft.
Evidence introduced at trial showed the following: On the night of the murder, a friend saw Branch with a cut hand, which Branch said he had gotten in a bar fight; that same night, Branch was seen on campus wearing a pair of black and white checkered shorts and driving a "smallish red vehicle"; Branch was sighted in Bowling Green, Kentucky, two days later, and Morris's car was recovered the next day in a parking lot there; when Branch was arrested, he had in his possession a pair of black and white checkered shorts stained with his own blood; a bloodstain matching Morris was found on the back of the passenger seat of the red Toyota; *1252 when Branch's Pontiac was discovered abandoned in the Pensacola airport parking lot, "medium velocity splatter" bloodstains matching Morris's DNA profile were found on boots and socks inside. Branch testified on his own behalf and was convicted as charged.
The trial court followed the jury's ten-to-two vote and imposed a sentence of death on the first-degree murder count based on three aggravating circumstances[1] and several nonstatutory mitigating circumstances.[2] The court imposed life imprisonment on the sexual battery count and five years imprisonment on the grand theft charge. Branch raises nine issues.[3]
Branch first claims that the trial court erred in denying his motions for a continuance. We disagree. The granting or denying of a continuance is within the sound discretion of the trial court and this Court will not disturb such a ruling absent an abuse of discretion, even in a capital case. Williams v. State, 438 So.2d 781 (Fla.1983), cert. denied, 465 U.S. 1109, 104 S.Ct. 1617, 80 L.Ed.2d 146 (1984). In the present case, Branch sought to continue the guilt phase in order to prepare for the testimony of a State expert, Dr. Levine, who had been disclosed late by the State. The court, however, properly denied the motion when the State agreed to forego calling Dr. Levine. Branch then sought to delay the penalty phase to give his mitigation specialist more time to prepare. The court, however, had already granted Branch several continuances and there was conflicting evidence before the court as to whether additional time would be helpful. We cannot say that the trial court abused its discretion. We find no error.
Branch next claims that the court erred in failing to conduct a proper inquiry under Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), when both Branch and his grandfather questioned defense counsel's preparation for trial and communication with Branch. We disagree. A Nelson inquiry is appropriate when an indigent defendant attempts to discharge current, and obtain new, court-appointed counsel prior to trial due to ineffectiveness. Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). Nelson is inapplicable here for several basic reasons: 1) Branch's lawyer was privately hired, not court-appointed; 2) Branch was not seeking to discharge counsel; and 3) Branch's comments seemed to be a general complaint, not a formal allegation of incompetence. The record contains competent substantial evidence to support the trial court's ruling. We find no error.
Branch claims that the trial court erred in failing to give his requested instruction on circumstantial evidence. We disagree. The requested instruction tracked the former standard instruction, which this court ruled extraneous in In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.), modified, 431 So.2d 599 (Fla.1981):
We find that the circumstantial evidence instruction is unnecessary.... The elimination of the current standard instruction on circumstantial evidence does not totally prohibit such an instruction if a trial judge, in his or her discretion, feels that such is necessary under the peculiar facts of a specific case. However, the giving of the proposed instructions on reasonable doubt and burden of proof, in our opinion, renders an instruction on circumstantial evidence unnecessary. *1253 Id. at 595. The jury in the present case was fully instructed on reasonable doubt and burden of proof and there is no reason to believe that these instructions were insufficient to guide the jury in its deliberations. We cannot say the trial court abused its discretion. See, e.g., Trepal v. State, 621 So.2d 1361 (Fla.1993), cert. denied, 510 U.S. 1077, 114 S.Ct. 892, 127 L.Ed.2d 85 (1994). We find no error.
Branch claims that the court erred in allowing the State to introduce during the penalty phase a photograph of Morris taken several weeks before she was killed. We disagree. Section 921.141, Florida Statutes, provides for the introduction of victim impact evidence:
Once the prosecutor has provided evidence of the existence of one or more aggravating circumstances as described in subsection (5), the prosecution may introduce, and subsequently argue, victim impact evidence. Such evidence shall be designed to demonstrate the victim's uniqueness as an individual human being and the resultant loss to the community's members by the victim's death.
§ 921.141(7), Fla.Stat. (1993).
Few types of evidence can "demonstrate the victim's uniqueness as an individual" more aptly than a photo of the victim taken in his or her life before the crime. While such evidence can have an emotional impact on jurors, the effect is minimized where the photo is a basic portrayal of the victim, presented to the jury in a routine manner. Such a photo can give real-world balance to the esoteric displays and analyses of medical examiners and other forensic experts and may help jurors develop in their own minds a true picture of the crime.
In the present case, the photograph of Morris was taken several weeks before the crime and shows her holding the sweater she was wearing when murdered. The photo was introduced at the conclusion of the State's case and not shown to the jury until the prosecutor's closing argument, when the prosecutor displayed it briefly and said simply: "This is the photograph of Susan Morris before she took that walk in the parking lot 20 at the University of West Florida. You may recognize the sweater that she's holding." We find no error.
The remainder of Branch's claims are without merit, including his challenge to the sufficiency of the evidence. We have also considered whether the death sentence in this case is proportionate to other cases wherein a death sentence has been approved and find the sentence proportionate here. We affirm the convictions and sentences.
It is so ordered.
OVERTON, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
KOGAN, C.J., concurs as to the convictions and concurs in result only as to the sentence.
NOTES
[1] The court found the following aggravating circumstances: The murder was committed in the course of a sexual battery; Branch had been convicted of a prior violent felony; and the murder was especially heinous, atrocious, or cruel.
[2] The court found the following mitigating circumstances: remorse; unstable childhood; positive personality traits; acceptable conduct at trial.
[3] Branch claims that the trial court erred in the following matters: 1) failure to grant a continuance; 2) failure to conduct a hearing into counsel's competence; 3) failure to give a requested instruction on circumstantial evidence; 4) insufficient evidence; 5) comment on right to silence; 6) photo of the victim; 7) failure to give a requested instruction defining mitigating circumstances; 8) evidence of another crime; 9) victim impact evidence.