ANTOON, Judge.
Thomas A. Wyatt (defendant) appeals his judgment and sentence entered by the trial court after a jury found him guilty of committing an armed robbery.[1] Defendant argues the trial court erred in denying his defense counsel’s motion to withdraw, denying his pro se motion to discharge his counsel, and sentencing him without a pre-sentence investigation report. We affirm because the motion to withdraw and the motion to discharge were untimely filed, and the trial court did not abuse its discretion in refusing to order a presentence investigation report.[2]
After the jury was empaneled and sworn, defense counsel filed a motion to withdraw from the case stating that defendant was “not satisfied with the services of his attorney....” Two days later, defendant filed a pro se motion requesting the trial court to discharge defense counsel, alleging that counsel had not spent enough time talking with him about his case before trial. After questioning defense counsel and defendant, the trial court determined that counsel’s preparation included the taking of depositions of the eyewitnesses to the robbery. The trial court then denied both motions.
Defendant contends he is entitled to receive a new trial because the trial court erred in denying defense counsel’s motion to withdraw and defendant’s motion to discharge. We disagree. The record in this case reveals that both motions were filed after the jury had been empaneled and sworn and thus were untimely. Therefore, the trial court was not required to inquire about the effectiveness of defense counsel. See Dukes v. State, 508 So.2d 455, 456 (Fla. 2d DCA 1987); accord Haugabook v. State, 689 So.2d 1245, 1246 (Fla. 4th DCA 1997); cf. Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1978). Accordingly, we affirm.
Next, defendant argues the trial court erred in denying his request for a presen-tence investigation report. After the trial court determined that defendant was over eighteen and had previously been convicted of a felony, the court denied the request stating, “Your client is not entitled to a [pre-sentence investigation report].” Defendant argues this decision was incorrect because the trial court had the discretion to order a presentence investigation report, but did not exercise that discretion.
Rule 3.710 of the Florida Rules of Criminal Procedure provides that, before imposing a sentence other than probation, the sentencing judge must receive and consider a pre-sentence investigation report if the conviction was a “first felony or [defendant was] found guilty of a felony while under the age of 18 years.” The trial transcript demonstrates that the trial court understood the law and properly exercised its discretion in denying defendant’s request for a presentenee investigation. Accordingly, we affirm. Cf. Moody v. State, 418 So.2d 989, 996 (Fla.1982), cert. denied, 459 U.S. 1214, 103 S.Ct. 1213, 75 L.Ed.2d 451 (1983)(remanding for resentenc-ing because it was apparent that the trial court did not exercise its discretion to determine whether defendant should receive a presentenee investigation report). In so ruling, we note that defendant and his attorney were both given the opportunity to present information to the court in mitigation before the court entered a sentence in this case. Defendant’s attorney responded:
Just that in the scheme, the larger scheme of things, I’m not certain that this conviction plays much of a role, and we would therefore request that the court sentence [Defendant] to the lower end of the guidelines and take into consideration his youth and just be merciful, Your Honor.
However, defendant declined to present any information in mitigation. Defendant was already a convicted felon and over the age of éighteen. The trial court’s discretion was *665 limited, and no abuse of that discretion has been shown.
AFFIRMED.
GRIFFIN, C.J., and DAUKSCH, J., concur.

. § 812.13(1), (2)(a), Fla. Stat. (1987). .

. We granted defendant's petition for writ of habeas corpus to file a belated appeal. See Wyatt v. State, 697 So.2d 1289 (Fla. 5th DCA 1997).