730 So.2d 309 (1999)
J.D. DUNN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 97-3646
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Rehearing Denied April 16, 1999.
*310 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lara J. Edelstein, Assistant Attorney General, West Palm Beach, for appellee.
STONE, C.J.
We affirm Appellant's convictions for burglary of a conveyance, two counts of petit theft, two counts of burglary of a dwelling while armed with a deadly weapon, two counts of grand theft of a firearm, and one count of grand theft.
Appellant contends that the trial court erred in failing to conduct adequate inquiries pursuant to Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), with regard to complaints about his attorney, first, a few weeks before trial and, later, during trial. The first occurred at a docket call, at which the following exchange took place:
MR. KESSLER: Judge, I know Mr. Dunn needs towants to address the Court this morning, II would be requesting that it be sent to the September docket unless he has an objection to that. There were some developments in the case including a significant change in a witness last week and I need to depose a couple of additional people as a result of that. Mr. Dunn has some things he wanted to air with the Court this morning.
THE COURT: And youyou want him to talk to me?
MR. KESSLER: I toldI've explained to him what's what and I told him if he *311 wanted to speak with the Court this morning, it was his decision, he's very involved in the defense of his case and he knows the stakes.
THE COURT: All right, Mr. Dunn, do you have anything you want to tell me this morning?
THE DEFENDANT: Yes sir, Your Honor, with all due respect, Your Honor, I'm not very good with words, so, it might take me a little time to, you know, explain my situation.
THE COURT: You can take your time.
THE DEFENDANT: Your Honor, I strongly believe there's a conspiracy in my case to convict by all means and I say that in respect that since Mr. Michael Kessler has been representing me, I sent him a letter to inform him of my witnesses and I think a month or so went by and he tells me that he didn't receive that letter, so, I sent another letter and I had it notarized and that day thatthe only one time that he did come see he tells me, "Oh, I found the letter, my secretary put it between some other stuff and I ran across it."
And but if something seriousseriously going on with my case, Your Honor, that I can't reallyI don'tI don't have any evidence other than the fact that my lawyer's saying he's ready to go to trial and he hasn't even talked to either of my witnesses, none of my witnesses, I don't understand that.
THE COURT: All right, well, it's not going to go to trial this week, the question is whether it will go to trial next week or not.
THE DEFENDANT: And for him to tell me that he don't have to explain nothing to me and for the lastever since that he has been representing me, I can't get in touch with him because he's either in Federal case or in court, whatever, I don't under I don't understand this and I'mI'm telling him. Look, IIthe only thing I ask for is to be represented, Your Honor.
The court expressed satisfaction with counsel's ability, but conducted no further inquiry. The court allowed additional time for taking discovery.
Where an indigent defendant indicates that he wishes to discharge a court-appointed counsel prior to trial, the trial court is required to make an inquiry into the defendant's reasons for the request. See Nelson, 274 So.2d at 259; see also Davis v. State, 703 So.2d 1055 (Fla. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 2327, 141 L.Ed.2d 701 (1998). However, a trial court does not err in failing to conduct an inquiry where the defendant does not make an unequivocal request for counsel's discharge or a formal allegation of incompetence, but merely expresses dissatisfaction with his counsel. See Davis, 703 So.2d at 1058-59; Branch v. State, 685 So.2d 1250, 1252 (Fla. 1996). In Davis, the Florida Supreme Court found that the trial court did not err in failing to conduct a Nelson inquiry where the defendant's motion to discharge his attorney was ambiguous. The court noted, "Davis never made any unequivocal request to discharge his court-appointed counsel; he subsequently allowed his attorney to represent him throughout the trial. `As a practical matter, a trial judge's inquiry into a defendant's complaints of incompetence of counsel can be only as specific and meaningful as the defendant's complaint.'" Davis, 703 So.2d at 1058-59 (quoting Lowe v. State, 650 So.2d 969, 975 (Fla. 1994)). In Branch, the court found that the trial court did not err in failing to conduct an inquiry in part because Branch's comments "seemed to be a general complaint, not a formal allegation of incompetence." 685 So.2d at 1252; see also Gudinas v. State, 693 So.2d 953, 962 n. 12 (Fla. 1997) (stating that a Nelson inquiry was not required because the defendant's claim was a general complaint about defense counsel's trial strategy and not a formal allegation of incompetence); Windom v. State, 656 So.2d 432, 437 (Fla. 1995) (holding that an inquiry was not necessary where the defendant had not clearly moved to discharge his counsel due to counsel's incompetence); Bowden v. State, 588 So.2d 225, 230 (Fla. 1991) (holding that an inquiry was not necessary where defendant merely expressed dissatisfaction with counsel's performance during the trial).
Appellant relies on a case from this court, Haugabook v. State, 689 So.2d 1245, 1246 n. 3 (Fla. 4th DCA 1997), which states, in dicta:
We disagree with the State's contention that appellant did not adequately place the *312 trial court on notice that he wanted to discharge his counsel. No magic words are required. Appellant's unequivocal expression of dissatisfaction with his counsel should have been enough to "make it appear to the trial judge" that appellant wanted to discharge his counsel. Nelson, 274 So.2d at 258. Appellant clearly alleged ineffectiveness of his counsel and specifically pointed to defense counsel's failure to raise an adequate Neil objection when black jurors were peremptorily excluded by the State, as well as the alleged failure to properly cross-examine police officers with allegedly inconsistent statements.
(Emphasis added)
Here, Appellant expressed dissatisfaction with Kessler's trial preparation, his witness development, and his lack of contact with Dunn. However, he was not unequivocally seeking his discharge and was not clearly alleging his incompetence. Therefore, the trial court was not required to conduct an inquiry. See Greenwood v. State, 720 So.2d 548 (Fla. 4th DCA 1998) (finding that the court did not fail to conduct a proper Nelson inquiry where the appellant "neither made an unequivocal request to discharge, nor stated that incompetency was the basis for his unhappiness with counsel."); Woody v. State, 698 So.2d 391 (Fla. 4th DCA 1997) (finding that no Nelson inquiry was necessary where the appellant did not complain that his counsel was incompetent but only that he was displeased with counsel's trial preparation).
Appellant further claims that the trial court failed to make a proper Nelson inquiry when he raised his complaints about his attorney's performance during the trial. The trial court noted that a Nelson inquiry was irrelevant at that point but nevertheless allowed Dunn to express his concerns. Dunn was upset that his attorney told him that the law prohibited him from asking the state's witness about her drug use and the fact that she was a prostitute. He stated:
We talked and after conversating [sic] withwith my attorney, I began to believe that something was wrong then, thatthat he wasn't going to represent me to the best of his ability, I was being prejudiced somewhat, somewhere down the line. I don't want toI told Judge Bryan that it was some sort of conspiracy, II don't understand it, II can't put into words what he was, he said that Mr. Kessler was a very good attorney and I agree, Iwill be the first to agree that I feel Mr. Kessler is a very good attorney, but really he performed to me is a different story and when I seen him today and what I asked him to do, it wasn't there. Thank you very much, Your Honor.
It is apparent that Appellant did not assert that he wanted to discharge his lawyer or clearly allege his incompetence. Further, even if Dunn had made such a claim, a Nelson inquiry was not appropriate at that point in the trial. In Haugabook, this court held that a motion to discharge is untimely when made after the commencement of trial. 689 So.2d at 1246; see also Wyatt v. State, 714 So.2d 663, 664 (Fla. 5th DCA 1998); Dukes v. State, 503 So.2d 455, 456 (Fla. 2d DCA 1987).
We also find no abuse of discretion or reversible error in the trial court's denial of Appellant's motions for mistrial. Therefore, we affirm the judgment and sentence.
Although we affirm, we remand for correction of a scrivener's error. The judgment provides that Appellant entered a plea of nolo contendere, whereas he was, in fact, found guilty after trial.
KLEIN, J. and OWEN, WILLIAM C., Jr., Senior Judge, concur.