846 So.2d 472 (2003)
Arthur Joseph LOGAN, Petitioner,
v.
STATE of Florida, Respondent.
Levy Riggins, Petitioner,
v.
State of Florida, Respondent.
Nos. SC02-1649, SC02-1664.
Supreme Court of Florida.
April 17, 2003.
*473 Arthur Joseph Logan, pro se, St. Augustine, and Levy Riggins, pro se, Miami, for Petitioners.
No Appearance, for Respondent.
PER CURIAM.
Petitioner Arthur Joseph Logan has filed a petition for a writ of habeas corpus, see art. V, § 3(b)(9), Fla. Const., challenging the trial court's denial of both his pro se motion to dismiss the charges against him and his pro se motion for bond reduction in two pending criminal cases, in which it is clear he is being represented by counsel. Petitioner Levy Riggins has filed a petition for a writ of prohibition, see art. V, § 3(b)(9), Fla. Const., challenging the trial court's denial of his pro se motion for speedy trial discharge, filed in a pending criminal case, in which it is also clear he is being represented by counsel. We consolidate these cases for purposes of this opinion and, for the reasons expressed below, dismiss the petitions on the grounds that petitioners have no right to simultaneously represent themselves and be represented by counsel relative to the pending charges against them.[1]
*474 In Davis v. State, 789 So.2d 978, 979-80 (Fla.2001), this Court announced the policy "that we will not accept pro se filings in which there are claims of ineffective assistance of appellate counsel, requests to dismiss appellate counsel, or which supplement bases for relief from appellants on direct appeal of a death sentence." We premised this policy on the fact that a criminal defendant does not have a federal constitutional right to self-representation on an initial appeal of right, see id. at 980 (citing Martinez v. Court of Appeal of California, 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597, (2000)), and our conclusion that "in Florida there is no state constitutional right to proceed pro se in direct appeals in capital cases." Id. at 981.
We acknowledged in Davis that "[t]he decision to allow a convicted defendant the ability to proceed pro se in appellate proceedings is vested in the sound discretion of the appellate court." Id. However, we also noted the necessity for curtailing, as a matter of policy, the pro se activity of defendants in direct appeals in capital cases, because we were seeing an increase in pro se filings in such cases. See id. Thus, we determined in Davis that "[p]ro se filings in direct appeals [in] capital cases in which there are claims of ineffective assistance of appellate counsel, requests to dismiss appellate counsel, or which supplement bases for relief [would] be docketed and then stricken." Id.
The subject cases are representative of a similar problem this Court is having with regard to defendants in pending noncapital criminal cases. This Court has recently seen an increase in the number of these noncapital criminal defendants filing pro se petitions for extraordinary relief in this Court, asking this Court to grant them relief, either in the form of immediate release pending trial or absolute discharge from prosecution, while their cases are still pending in the trial court. What is clear in both the subject cases and other similar cases that have been filed with increasing regularity in this Court, is that the petitioners are represented by counsel in their pending criminal cases, and nothing in their petitions indicates that they have sought, or will be seeking, to discharge counsel in those proceedings. In these circumstances, the law on self-representation is clear.
More than twenty years ago, this Court explained that the Sixth Amendment to the United States Constitution, as interpreted in Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), does not "guarantee that the accused can make his own defense personally and have the assistance of counsel." State v. Tait, 387 So.2d 338, 339-40 (Fla.1980). Likewise, article I, section 16 of the Florida Constitution does not "embody a right of one accused of crime to representation both by counsel and by himself." Id. at 340; see also Mora v. State, 814 So.2d 322, 328 (Fla.) ("[T]here is no constitutional right for hybrid representation at trial."), cert. denied, ___ U.S. ____, 123 S.Ct. 603, 154 L.Ed.2d 526 (2002). Thus, as the Fifth District Court of Appeal succinctly stated in Sheppard v. State, 391 So.2d 346 *475 (Fla. 5th DCA 1980),[2] shortly after this Court decided Tait, "[t]he defendant, under appropriate circumstances, has the constitutional right to waive counsel and represent himself. The defendant has no right, however, to partially represent himself and, at the same time, be partially represented by counsel." Id. at 347 (citations omitted).[3]
Because the extraordinary writ proceedings at issue in the subject cases are essentially an appellate component of the pending criminal proceedings, in which petitioners are represented by counsel,[4] petitioners' attorneys retain their status as counsel for the petitioners in this Court unless others are duly appointed or substituted. See Fla. R.App. P. 9.360(b) (providing that "[a]ttorneys ... in the lower tribunal shall retain their status in the [appellate] court unless others are duly appointed or substituted"). Consequently, the petitions in the subject cases cannot be entertained on the merits as they were filed pro se and have not been adopted by counsel. See Carlisle v. State, 773 So.2d 647, 648 (Fla. 5th DCA 2000) (striking pro se petition for writ of mandamus seeking to compel circuit court to rule on petitioner's pro se motion for reconsideration of the denial of a portion of the petitioner's motion for postconviction relief because petitioner had been represented in the postconviction relief proceedings by court-appointed counsel, and, under rule 9.360(b), counsel retained his status as counsel in the appellate court unless others were duly appointed or substituted); see also Martin v. Bieluch, 786 So.2d 1229, 1230 (Fla. 4th DCA 2001) (dismissing pro se petition for writ of habeas corpus claiming entitlement to immediate release from confinement because the allegations in the petition demonstrated that the petitioner was represented by counsel in the trial court proceedings); *476 Lewis, 766 So.2d at 289 ("[I]t is true that, generally, pleadings filed by a criminal defendant who is represented by counsel are treated as a nullity.").
Only when a pro se criminal defendant is affirmatively seeking to discharge his or her court-appointed attorney have the courts of this state not viewed the pro se pleading in which the request to discharge is made as unauthorized and a "nullity." See Lewis, 766 So.2d at 289 ("The courts have carved out an exception [to the rule that pleadings filed by a criminal defendant represented by counsel are treated as a nullity] permitting a criminal defendant who is represented by counsel to file a pro se motion seeking discharge of that counsel."). The Fourth District Court of Appeal in Graves v. State, 642 So.2d 142, 143-44 (Fla. 4th DCA 1994), explained why this limited exception to the "nullity" rule was necessary to effectuate the holding in Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973), approved of in Hardwick v. State, 521 So.2d 1071, 1074 (Fla. 1988).
In Nelson, the Fourth District held that "where a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge." Nelson, 274 So.2d at 258. The Fourth District further held that "[i]f incompetency of counsel is assigned by the defendant as the reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Id. at 258-59. Finally, the Fourth District stated that "[i]f reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense." Id. at 259.
The Fourth District in Graves explained that it would make no sense, and would ultimately result in more judicial labor being expended on the case than would otherwise be necessary, to enforce the "nullity" rule in those circumstances where a criminal defendant sought pro se to avail himself of the protections of Nelson:
In the first place, if the claim is that the appointed lawyer is not doing the lawyer's assigned job, one might wonder how that failure would ever come to light and be appropriately remedied if the person who is suffering from this inadequacy is not permitted to do so. Simply ignoring a pretrial assertion of ineffectiveness of counsel means that the claim is left to be taken up in post conviction relief proceedings. The supposed rule that all pro se filings by represented defendants are a nullity thus makes no sense, at least in the circumstance of ineffective assistance of counsel, and may lead to a manifest injustice. It will almost surely result in a frequent squandering of public resources on wasted trials that have to be repeated.
In any event, the supposed nullity rule is contrary to Nelson. That decision makes no exception for pro se charges of ineffectiveness. Indeed it appears to have contemplated that it would be the defendant himself who would "make it appear." Nothing in Nelson requires that such charges be raised only by appointed counsel or they will be treated as a nullity. Nor is there anything inherent in the Sixth Amendment basis for Nelson that requires a trial court to treat as nonexistent all papers filed pro *477 se by a represented defendant in the pretrial phase.
Aside from the obvious problem with limiting nonperforming lawyer claims to being filed by only the allegedly nonperforming lawyers, there is simply no good reason to adopt such a rule. There is absolutely no reason to believe that the machinery of justice will become fouled by the filing of ineffective assistance of counsel claims by represented defendants. Those that present no basis for any action by the court can be safely rejected. The court has ample powers to treat any abuses of filing by overly litigious defendants.
Graves, 642 So.2d at 144 (citation omitted).
It should be noted, however, that the requirements of Nelson depend upon a clear and unequivocal statement from the criminal defendant that he wishes to discharge counsel. In Morrison v. State, 818 So.2d 432 (Fla.), cert. denied, ___ U.S. ____, 123 S.Ct. 406, 154 L.Ed.2d 308 (2002), this Court recently explained that generalized complaints about court-appointed counsel's trial strategy or lack of contact or communication with the defendant do not constitute the kind of unequivocal request to discharge counsel necessary to trigger the requirements of Nelson:
In Hardwick v. State, 521 So.2d 1071 (Fla.1988), this Court adopted the procedure announced in Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), to be followed when a defendant complains that his appointed counsel is incompetent. When this occurs, the trial judge is required to make a sufficient inquiry of the defendant to determine whether or not appointed counsel is rendering effective assistance to the defendant. However, as a practical matter, the trial judge's inquiry can only be as specific as the defendant's complaint. This Court has consistently found a Nelson hearing unwarranted where a defendant presents general complaints about defense counsel's trial strategy and no formal allegations of incompetence have been made. See Davis v. State, 703 So.2d 1055, 1058-59 (Fla.1997); Gudinas v. State, 693 So.2d 953, 962 n. 12 (Fla. 1997); Branch v. State, 685 So.2d 1250, 1252 (Fla.1996). Similarly, a trial court does not err in failing to conduct a Nelson inquiry where the defendant merely expresses dissatisfaction with his attorney. See Davis, 703 So.2d at 1058-59; Branch, 685 So.2d at 1252; Dunn v. State, 730 So.2d 309, 311-12 (Fla. 4th DCA 1999).
In Dunn, the Fourth District determined that no Nelson hearing was required where the defendant expressed dissatisfaction with his counsel's trial preparation, his witness development, and his lack of contact with the defendant. See Dunn, 730 So.2d at 312. According to the district court, the defendant was not clearly alleging that defense counsel was incompetent. See id. A lack of communication is not a ground for an incompetency claim. See Watts v. State, 593 So.2d 198, 203 (Fla. 1992); Parker v. State, 570 So.2d 1053 (Fla. 1st DCA 1990). Moreover, in Branch, this Court found Nelson inapplicable where a defendant questioned defense counsel's preparation for trial, as well as the amount of communication he had with the defendant. See Branch, 685 So.2d at 1250; see also Gudinas, 693 So.2d at 962 n. 12 (stating that a Nelson inquiry was not required because the defendant's claim was a general complaint about defense's trial strategy and not a formal allegation of incompetence).
Most recently, in Sexton v. State, 775 So.2d 923 (Fla.2000), this Court addressed a similar issue where the defendant *478 claimed that the trial court erred in failing to adequately address the defendant's request for new counsel, and said:
In the present case, it does not appear that [the defendant] made a formal allegation of incompetence entitling him to a Nelson hearing.... Because [the defendant] was merely noting his disagreement with his attorney's trial strategy and preparation and was not asserting a sufficient basis to support a contention that his attorney was incompetent, we find this point on appeal to be without merit.
Accordingly, in the instant case, Morrison did not make a formal allegation of incompetence entitling him to a Nelson hearing. Although Morrison did make several requests to replace his counsel, the claims contained in the letters submitted to the trial court centered principally around Morrison's dissatisfaction with the amount of communication between him and counsel. A lack of communication, however, is not a ground for an incompetency claim. See Watts, 593 So.2d at 203; Parker, 570 So.2d at 1053. Morrison also expressed displeasure with counsel's refusal to provide copies of legal documents and efforts in contacting witnesses. These complaints can best be described as general complaints about his attorney's trial preparation, witness development, and trial strategy. See Dunn, 730 So.2d at 312. As this Court repeatedly has stated, a trial court does not err in failing to conduct a Nelson inquiry where the defendant makes such general complaints and is not clearly alleging incompetence. See Davis, 703 So.2d at 1058-59; Gudinas, 693 So.2d at 962 n. 12; see also Dunn, 730 So.2d at 311-12.
Id. at 440-41 (some citations omitted).
Given that the limited exception to the "nullity" rule, as discussed in Graves, is designed to effectuate the holding in Nelson, the exception to the "nullity" rule cannot be triggered merely by a statement in a pleading that the defendant is generally dissatisfied with counsel or counsel's performance. It must instead depend upon a clear statement from the defendant that he or she wishes to discharge court-appointed counsel due to counsel's perceived ineffectiveness.
In Sload v. State, 782 So.2d 976, 976 (Fla. 5th DCA 2001), the Fifth District dismissed, as unauthorized, a criminal defendant's pro se petition for writ of habeas corpus, initially filed in this Court and transferred to the Fifth District, even though the petitioner had expressed some dissatisfaction with counsel in his petition, because it was "clear from the allegations of [the] petition" that he had been represented by counsel at the time he filed his petition. The Fifth District further noted that Sload's complaints about his counsel appeared to be issues that should be raised in the trial court. See id.
In Prevatt v. State, 776 So.2d 1114, 1114-15 (Fla. 5th DCA 2001), the Fifth District again dismissed, as unauthorized, a criminal defendant's pro se petition for writ of habeas corpus seeking pretrial release or a reduction in the amount of his bond, even though the petitioner stated in his petition "that his present incarceration makes it extremely difficult to consult with his defense attorney," because a criminal defendant "cannot be represented by counsel and at the same time elect self-representation." See also Howard v. Glover, 794 So.2d 674 (Fla. 1st DCA 2001) (dismissing petition for writ of habeas corpus on the authority of Prevatt.)
The petitions filed by Logan and Riggins do not clearly state that the petitioners have discharged, or wish to discharge, *479 their court-appointed attorneys in the pending criminal proceedings below. Therefore, the petitions are nothing more than attempts by Logan and Riggins to proceed both pro se and represented by counsel in the context of their pending criminal proceedings. Consistent with long-standing precedent in this state, this Court will no longer accept these attempts at "hybrid" representation.
We therefore dismiss the subject petitions as unauthorized and take this opportunity to announce that in the future, we will not entertain pro se extraordinary writ petitions from criminal defendants seeking affirmative relief in the context of pending trial court criminal cases, where it is clear from the face of the petitions that the petitioners are represented by counsel in the pending criminal proceedings and the petitioners do not clearly indicate that they are seeking to discharge counsel in those proceedings. If a petition clearly indicates that the petitioner is represented by counsel in the pending criminal proceeding, and the petitioner does not unequivocally seek to discharge counsel in that proceeding by way of the petition, the petition will be dismissed as unauthorized. In circumstances where it is not clear from the face of the petition whether the petitioner is represented by counsel in the pending criminal proceeding, and he or she does not unequivocally indicate in the petition that he or she is seeking to discharge counsel in that proceeding, the clerk's office will automatically issue an order directing the petitioner to show cause why the petition should not be dismissed as unauthorized. At that point, it will be the petitioner's burden to demonstrate that he or she is either not represented by counsel in the proceeding below, or that he or she is seeking through the petition to discharge counsel in that proceeding. If it is clear from the petitioner's response to the show cause order that he or she is represented by counsel in the proceeding below and is not seeking to discharge counsel in that proceeding, then the petition in this Court will be dismissed as unauthorized. We believe this is the most prudent and efficient course because the vast majority of criminal defendants in these cases have a constitutional right to counsel and will have likely availed themselves of that right in the trial court. See Alabama v. Shelton, 535 U.S. 654, 122 S.Ct. 1764, 152 L.Ed.2d 888 (2002) (explaining that Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), collectively stand for the proposition that anyone charged with a felony or any misdemeanor that might result in actual imprisonment has a Sixth Amendment right to counsel in those proceedings).
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] We recognize that by the time this opinion is released, the pending criminal cases against these two petitioners may have already reached conclusion, arguably rendering these proceedings moot. However, we elect to proceed with this opinion because the problem that these cases represent is capable of repetition yet evading review. See, e.g., N.W. v. State, 767 So.2d 446, 447 n. 2 (Fla. 2000) (noting that this Court may address an issue presented by a technically moot case if the case "presents a controversy capable of repetition, yet evading review"); Kelley v. Rice, 800 So.2d 247, 250 (Fla. 2d DCA 2001) ("[M]ootness does not destroy a court's jurisdiction if the question raised is of great public importance or is likely to recur, or if the error is capable of repetition yet evading review.") (citations omitted).
[2] In Sheppard, a criminal defendant, represented by counsel in the Fifth District Court of Appeal in his direct appeal from his conviction, filed a "Motion" which, if properly before that court, would have constituted a petition for a writ of error coram nobis. See 391 So.2d at 347. The Fifth District noted that the defendant was represented on appeal by the public defender, who had been appointed at the defendant's request, and that the record in the appeal did not in any way indicate that the attorney had been either discharged or relieved from his responsibilities as counsel through substitution. See id. Concluding that the defendant could not both represent himself and be represented by counsel in the appeal, the Fifth District struck the pro se "petition" from the record in the appeal. See id. at 347.
[3] See also Lewis v. State, 766 So.2d 288, 289 (Fla. 4th DCA 2000) ("A criminal defendant has no Sixth Amendment right to represent himself and, at the same time, to have the assistance of counsel."); Salser v. State, 582 So.2d 12, 14 (Fla. 5th DCA 1991) ("We pointed out [in Sheppard] that the defendant may have the right under certain circumstances to waive counsel and represent himself but the defendant has no right to be represented for the purposes that suit him and unrepresented for other purposes."); Stinnett v. State, 576 So.2d 927, 929 (Fla. 5th DCA 1991) ("Faretta does not entitle a defendant to `hybrid' representation; there is no constitutional right of a defendant `to choreograph special appearances by counsel.'"); Studnicka v. Carlisle, 567 So.2d 17, 17 (Fla. 4th DCA 1990) ("Petitioners who are represented by counsel should file pleadings only through counsel. A defendant who has court-appointed counsel may not act as co-counsel as a matter of right.").
[4] See Stallworth v. Moore, 827 So.2d 974, 976 (Fla.2002) (recognizing that a petition for a writ of habeas corpus filed in the appellate court is an appropriate method by which to seek immediate review of a trial court's decision on pretrial detention or bond); Sherrod v. Franza, 427 So.2d 161, 164 (Fla.1983) (holding that a petition for a writ of prohibition in the appellate court is an appropriate method by which to seek immediate review of a trial court's order denying a motion for speedy trial discharge).