PER CURIAM.
The court sua sponte redesignates the appeal of the denial of appellant’s pretrial motion to receive “unfettered assistance” of counsel while acting pro se as a petition for writ of certiorari and denies the same. See Logan v. State, 846 So.2d 472, 474-75 (Fla.2003) (recognizing a defendant has no constitutional right “to partially represent himself and, at the same time, be partially represented by counsel”); Brooks v. State, 703 So.2d 504, 505 (Fla. 1st DCA 1997) (noting defendant has no constitutional right to combine right of self-representation with right to assistance of counsel).
The consolidated petition for habe-as corpus relief is also denied. Petitioner does not have a constitutional right to a twelve-member jury. See Williams v. Florida, 399 U.S. 78, 86, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) (holding twelve person jury panel “is not a necessary ingredient of ‘trial by jury,’ ” and a six-member panel does not violate defendant’s Sixth Amendment rights); Gibson v. State, 16 Fla. 291, 300 (1877) (finding “a jury composed of six persons is a constitutional jury”). As to the claim that the 1934 amendment to Section 10 of the Declaration of Rights of the Florida Constitution is null and void, that was an amendment to the 1885 constitution. The citizens of Florida enacted a new constitution in 1968, thus superceding any prior constitutional provisions. Petitioner was informed against for the crimes for which he is being held pursuant to *511 Article I, Section 15(a) of the Florida Constitution.
WARNER, STEVENSON and GROSS, JJ., concur.