FARMER, J.,
concurring in result.
I do not think we face an issue of a pro se filing by a represented defendant and the attendant nullity rule. Even if that were the issue, there are recognized exceptions. See Logan v. State, 846 So.2d 472 (Fla.2003) (limited exception to “nullity” rule necessary to effectuate Nelson inquiry). I would analyze this case differently.
First, defendant pleaded guilty without any understanding as to a sentence. Second, there is nothing in the record establishing that, after sentencing and judgment of conviction upon his plea, he actually understood he was still tied to his trial lawyer — if, indeed, that be legally true— and must rely on that lawyer to make such filings. Third, in his letter to the trial judge about filing something to contest the *663 legality of the sentence imposed, he stated: “I feel [the sentence] was unfair.” An unfair sentence does not make an illegal sentence. See Carter v. State, 786 So.2d 1173, 1180-81 (Fla.2001) (sentence is illegal only if it imposes kind of punishment no judge under entire body of sentencing statutes could possibly inflict under any set of factual circumstances). Fourth, in this appeal the State never mentions the nullity rule, and instead argues that his letter raised a “collateral” issue as to which there is no right to appointed counsel.
As the State itself points out in its brief, he should first file his own motion to correct an illegal sentence in the trial court, so his precise contention can be known. If his pro se motion then suggests possible merit, the trial court could determine whether an appointment of counsel is indicated.
I agree with that approach. I would simply affirm the denial of his request for appointed counsel without prejudice to filing a pro se motion under rule 3.800(a) and, if the trial court concludes it is appropriate, the appointment of counsel to prosecute the motion.