GRIFFIN, J.
 

 Kelvis Lamar Bellamy [“Bellamy”] appeals the judgment and sentence that followed his entry of a plea of no contest to one count of aggravated battery with a deadly weapon. Bellamy contends that the trial court erred by failing to conduct an adequate Nelson
 
 [1]
 
 inquiry. We find no merit to this claim and affirm.
 

 On April 17, 2009, Bellamy was charged with one count of aggravated battery with a deadly weapon, a second degree felony.
 
 [2]
 
 The trial court appointed the Public Defender to represent Bellamy. On the day of the trial, the parties appeared before the trial court prepared for trial and extended discussions ensued concerning a plea agreement. Defense counsel explained that Bellamy had been given a chance to consider the possibility of a plea offer, that Bellamy wanted more time for consideration, and that the State had indicated that it was not going to engage in discussion “past picking the jury.” The following exchange ensued.
 

 [DEFENSE COUNSEL]: Mr. Bellamy, you’ve had a chance to think about this, I know not as long as you would like to, but you’ve had a chance to think about it. And would you be willing to consider a plea in this case as opposed to going to trial? I guess that’s the first question.
 

 Well, let me ask you this, because the State has not yet made a formal offer, if the State extended an offer to you of 15 years, not a minimal [sic] mandatory, but a 15-year sentence, would you be -willing to accept that?
 

 THE DEFENDANT: Yeah, I take it. I take it.
 

 [DEFENSE COUNSEL]: Is the State then going to extend that offer to my client?
 

 [THE STATE]: Fifteen years?
 

 [DEFENSE COUNSEL]: Yes, sir.
 

 [THE STATE]: Yeah.
 

 Thereafter, Bellamy entered a “best interest” plea of no contest to the offense of aggravated battery, “removing any reference to the 10-20-Life Statute,” and upon the joint recommendation that he “receive a sentence of 15 years with credit for time served.”
 

 After placing Bellamy under oath, the trial court conducted the plea colloquy. Regarding whether Bellamy had had time
 
 *631
 
 to discuss his ease and plea with defense counsel, the following exchange took place:
 

 THE COURT: Have you had enough time, I know you’d like more, but have you had a reasonable time and enough time to talk over your case and your plea with your attorney?
 

 THE DEFENDANT: No, not to me, but I’m ready to just get this over with.
 

 THE COURT: Well, here’s the situation. If you haven’t had enough time, then I can’t take this plea. And I know that in a perfect world you’d like more time, I understand that, but that’s not the question.
 

 THE DEFENDANT: Yeah, I had enough time.
 

 THE COURT: The question is have you had enough time so that you can consider what’s in your own best interest?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: And have you?
 

 THE DEFENDANT: Yes, sir.
 

 When asked whether he had been pressured, forced, threatened, or promised anything in relation to entering the no contest plea, Bellamy answered: “No, sir.” Also, when asked whether he was satisfied with his attorney, Bellamy answered: “Yes, sir.”
 

 Defense counsel provided the factual basis for the plea, pointing out that depositions had been taken “of ... almost every witness listed on the State’s discovery exhibit.” Thereafter, in the course of discussing the evidence, he said that it was likely that the victim and Bellamy’s five-year-old son would have testified at trial that Bellamy shot the victim.
 

 Near the end of the colloquy, the trial court asked Bellamy whether he was offering the plea because he thought it was in his best interest, whereupon Bellamy and defense counsel engaged in an off-record discussion. Afterwards, the following exchange took place between the trial court and Bellamy:
 

 THE COURT: Well, I haven’t — I haven’t heard what — specifically what you’re talking about. But let me just advise you.
 

 We’re here to take this plea because you indicated that that’s what you wanted to do. And so I’m asking you if that’s what you want to do on your — kind of your final indication here. If you do not take the plea, what we’re going to do is choose a jury and try this case Tuesday and Wednesday.
 

 So what I’m offering — I’m offering— I’m asking you, are you offering this plea of no contest to aggravated battery, it’s a second-degree felony, upon the plea arrangement that was made because you believe that it is in your best interest to offer the plea of no contest?
 

 THE DEFENDANT: Well, I’m really only offering because I don’t think my attorney [is] really trying to help me.
 

 THE COURT: Well, your attorney has indicated what he believes that the evidence would be. All I can tell you is that your attorney — I can’t say anything about what he’s done particularly in this case because I don’t know. I can tell you he has a very fine reputation. But other than that, I — I mean, I don’t know what goes on with the attorney for the State or the attorney for the Defense in a particular — I never know until I hear the evidence myself when it comes to trial. So I can’t personally comment on that.
 

 We’re not here to do that, though. We’re here to see if you want to enter this plea of no contest to the charge of aggravated battery upon the State’s
 
 *632
 
 offer here. Is that what you want to do?
 

 THE DEFENDANT: Yeah.
 

 THE COURT: I’m sorry?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: All right. And are you offering the plea of no contest to aggravated battery because in this case you think doing it that way is in your own best interest?
 

 THE DEFENDANT: Yes, sir.
 

 THE COURT: Do you have any questions?
 

 THE DEFENDANT: No, sir.
 

 THE COURT: Is there anything else you want to say?
 

 THE DEFENDANT: No, sir.
 

 Immediately thereafter, the trial court accepted Bellamy’s plea. In doing so, the trial court found that the plea was free and voluntary, that Bellamy understood the consequences of the plea and the waiver of his rights, that Bellamy was alert, intelligent, and competent, that Bellamy had effective assistance of counsel, that there was a sufficient factual basis to support the plea, and that neither party knew of any exonerating DNA evidence.
 

 A pre-sentence investigation was waived, after which the trial court adjudicated Bellamy guilty of aggravated battery and sentenced him to fifteen years in the Department of Corrections with credit for time served. Less than thirty days later, Bellamy addressed a letter to the clerk of court, requesting an appeal. The letter provided in pertinent part:
 

 I
 
 Kelvis Bellamy, Case
 
 #
 
 2008-01808-CF-52
 

 I am writing to request an appeal. Due to the fact that their was a conflict of interest in my case. My attorney (Mr. Bookhammer) was representing the victims [sic] brother. At the time I took a plea deal on April 20, 2009 for “15” years to the department of corrections. All along (Mr. Bookhammer) led me to believe that he could win this case, all the way until the day of Jury selection. I feel as if I was tricked and rushed to make a hugh decision in my life. I also am here to tell you that I have made the wrong decision. I am respectfully requesting an appeal. Also all along while (Mr. Bookhammer) has represented me he has not done so to the best of his ability. Also on the day of Jury selection I asked that my attorney be removed from my case. I was denied. There for I believe I should of received a Nelson hearing. (To determine the defendant’s Dissatisfaction with the Defense counsel) I was scared because my attorney was not representing me to the best of his ability. I feel as if I was pushed into a plea.
 

 I
 
 Kelvis Bellamy
 
 am respectfully submitting a request for an appeal, before my “30” days are up.
 

 Defense counsel filed a timely notice of appeal and then filed a motion to withdraw and for appointment of regional conflict counsel. The trial court granted defense counsel’s motion to withdraw and appointed the Office of Criminal Conflict and Civil Regional Counsel for the Fifth District to be Bellamy’s new attorney of record.
 

 Bellamy contends on appeal that the statement he made during the plea colloquy was tantamount to a motion to discharge his counsel and that the trial court erred by failing to conduct a
 
 Nelson
 
 hearing. We reject this contention based on the entirety of the plea colloquy. No motion to discharge counsel was ever made in any form and Bellamy said he was satisfied with his attorney. His only generalized comment that he did not think his attorney was trying to help him is not sufficient to trigger a
 
 Nelson
 
 inquiry.
 
 See
 
 
 *633
 

 Logan v. State,
 
 846 So.2d 472, 477 (Fla.2003). The trial court made no error by failing to conduct a
 
 Nelson
 
 inquiry.
 

 We note that Defendant’s letter to the court did include an allegation that his counsel was operating under a conflict of interest. Given the procedural posture of this case, we have no information about this allegation, its merit or lack of merit. If Defendant believes he has a factual basis for this claim, the proper vehicle to determine the facts would be a motion made pursuant to Florida Rule of Criminal Procedure 3.850.
 

 AFFIRMED.
 

 PALMER and JACOBUS, JJ., concur.
 

 [1]
 

 .
 
 Nelson v. State,
 
 274 So.2d 256 (Fla. 4th DCA 1973).
 

 [2]
 

 .
 
 See
 
 § 784.045, Fla. Stat. (2008).