# Third District Court of Appeal

## State of Florida

Opinion filed May 27, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-203
Lower Tribunal No. 10-29468
_____


**Carlos Sanchez,**
Petitioner,

vs.

**The State of Florida,**
Repondent.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos Sanchez, in proper person.

Pamela Jo Bondi, Attorney General, and Robert Biswas, Assistant Attorney General, for respondent.


Before SUAREZ, FERNANDEZ and SCALES, JJ.

PER CURIAM

Carlos Sanchez, petitioner, has had five appeals before this Court regarding lower tribunal number case number 10-29468: 3D13-1453, 3D14-1706, 3D15-20, 3D15-850, and the instant case, 3D15-203.

On March 13, 2013, a jury found Sanchez guilty of attempted second degree murder. On May 16, 2013, Sanchez was sentenced to a term of twenty-five years as a habitual felony offender.

On June 5, 2013, Sanchez filed a direct appeal of his judgment and sentence (case number 3D13-1453). Sanchez was represented by attorney Kenneth Speiller in his direct appeal. On January 17, 2014, attorney Speiller filed a motion to withdraw and this Court granted that motion in an order dated January 28, 2014.

On February 18, 2014, this Court remanded Sanchez's direct appeal back to the trial court for a period of thirty days for consideration of Sanchez's motion for reimbursement of attorney's fees and appointment of counsel.

On June 2, 2014, the trial court denied Sanchez's motion for reimbursement of attorney's fees and appointment of counsel. Sanchez appealed the trial court's order, which generated another appellate case number, 3D14-1706. The appeal under case number 3D14-1706 was dismissed on August 1, 2014, for failure to comply with an order of this Court.

Sanchez filed several pro se miscellaneous motions pertaining to his direct appeal, including a motion on June 27, 2014, requesting the appointment of appellate counsel.

On July 1, 2014, this Court entered an order, remanding Sanchez's direct appeal to the lower court for a period of thirty days for consideration of appointment of appellate counsel.

On September 9, 2014, Sanchez filed a motion to correct illegal sentence with the trial court. That motion was denied on December 12, 2014, and a pro se notice of appeal was subsequently filed, generating case number 3D15-20. The Office of Regional Counsel was appointed for purposes of appeal in case number 3D15-20.

On February 12, 2015, Sanchez filed a "Motion for Trial Court to Seek Permission to Deviate from the Appeal's Court Order, for the Purpose of Plea Negotiation." That motion was denied by the trial court on March 25, 2015. Sanchez filed a pro se notice of appeal, which was assigned case number 3D15-850. Upon the Court's own motion, on April 20, 2015, case number 3D15-850 was dismissed pursuant to Logan v. State, 846 So. 2d 472 (Fla. 2003).

On February 26, 2015, this Court consolidated case numbers 3D13-1453 and 3D15-20. In that same order, this Court clarified that the Office of Regional

Counsel was also appointed to represent Sanchez in his direct appeal, case number 3D13-1453.

Turning to the instant case, on January 22, 2015, Sanchez filed, in this Court, a pro se petition for habeas corpus. Sanchez's habeas petition was assigned case number 3D15-203.

Because Sanchez is currently represented by counsel in the pending criminal proceedings (i.e., consolidated cases 3D13-1453 and 3D15-20), on April 7, 2015, this Court dismissed Sanchez's pro se habeas petition pursuant to Logan, which held that a pro se pleading by a represented criminal defendant is a "nullity" as a general rule. Logan, 846 So. 2d at 476.

On April 20, 2015, Sanchez filed a Notice of Objection arguing that "Sanchez is pro-se and is not now, or has ever been represented by counsel in the instant complaint, case no: 3D15-0203." We treat Sanchez's Notice of Objection as a motion for rehearing of this Court's April 7 dismissal of Sanchez's habeas petition and deny same. See Johnson v. State, 974 So. 2d 363, 364-65 (Fla. 2008) (clarifying that the rule in Logan is not limited to cases where the defendant is represented by trial counsel but applies to "any pro se filings submitted by litigants seeking affirmative relief in the context of *any* criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those

4

proceedings."). <u>See also</u> <u>Gilbert v. Singletary</u>, 632 So. 2d 1104, 1105 (Fla. 4th DCA 1994) (refusing to entertain pro se habeas petition where Sanchez was represented by counsel and direct appeal was pending; "[A] party may not be simultaneously represented by counsel and yet file pro se pleadings in the same case.").

We also deny Sanchez's April 23, 2015 pro se "Motion for Clarification Alternative to Enforce Mandate."

In sum, Sanchez's Notice of Objection and Motion for Clarificaiton are denied.[1]

---

[1] The Clerk of this Court shall ensure that a copy of this opinion is forwarded to Sanchez's appellate counsel in consolidated cases 3D13-1453 and 3D15-20.