# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-2636
Lower Tribunal No. 10-27774
_____

**Jesse Loor,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Jesse Loor, in proper person.

Ashley Moody, Attorney General, and Jonathan Tanoos, Assistant Attorney General, for respondent.

Before EMAS, C.J., and SCALES, and LINDSEY, JJ.

LINDSEY, J.

Petitioner Jesse Loor, pro se, seeks emergency habeas corpus relief from the trial court's pretrial detention order. Because Loor is currently represented by counsel before the trial court, we dismiss the Petition as unauthorized pursuant to Logan v. State, 846 So. 2d 472 (Fla. 2003).

Loor argues that Logan is inapplicable because he was not represented by counsel at the time he filed his Petition. We disagree. In Logan, the Florida Supreme Court explained that a defendant has no constitutional right to hybrid representation. Id. at 479; see also Johnson v. State, 974 So. 2d 363, 364 (Fla. 2008); 14A Fla. Jur. 2d Criminal Law—Procedure § 559 (October 2018) ("Criminal defendants have no right under the Sixth Amendment or under the Florida Constitution to engage in hybrid representation—that is, to simultaneously represent themselves and be represented by counsel.").

In circumstances where, as here, it is not clear from the face of the petition whether petitioner is represented by counsel below, petitioner bears the "burden to demonstrate that he or she is either not represented by counsel in the proceeding below, or that he or she is seeking through the petition to discharge counsel in that proceeding." Logan, 846 So. 2d at 479. Loor is unable to meet that burden; on the contrary, he readily admits that he is currently represented by counsel in the proceeding below, and he is not seeking to discharge counsel in that proceeding.

2

Loor's argument that he was pro se *at the time he filed his petition* is unavailing because now that he is represented by counsel, he would nevertheless be engaged in unauthorized "hybrid representation" if he were allowed to proceed pro se. See id. ("If it is clear from the petitioner's response . . . *that he or she is represented by counsel in the proceeding below* and is not seeking to discharge counsel in that proceeding, then *the petition in this Court will be dismissed as unauthorized.*" (emphasis added)); see also Johnson, 974 So. 2d at 364-65 (clarifying that the rule announced in Logan applies to any pro se filings submitted by litigants seeking affirmative relief in the context of *any* criminal proceeding where death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings).

Petition dismissed.