# Supreme Court of Florida

————————

No. SC18-1984

————————

**GREGORY HARRIS,**
Petitioner,

vs.

**MARK S. INCH, etc.,**
Respondent.

August 29, 2019

PER CURIAM.

This case is before the Court on the petition of Gregory Harris for a writ of habeas corpus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. By order dated February 18, 2019, we dismissed Harris's petition as unauthorized pursuant to *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). *Harris v. Inch*, No. SC18-1984, 2019 WL 698109 (Fla. Feb. 18, 2019). Concurrent with the dismissal of the petition, we expressly retained jurisdiction to pursue possible sanctions against Harris. *Id.; see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Harris was convicted in the Eleventh Judicial Circuit (Miami-Dade County) on one count of child abuse (case number 132011CF0002020001XX) and one

count of grand theft (case number 132011CF0133700001XX). He was sentenced in both cases to a total of fifteen years' imprisonment on October 16, 2013. The Third District Court of Appeal per curiam affirmed Harris's convictions and sentences on April 16, 2014. *Harris v. State*, 138 So. 3d 454 (Fla. 3d DCA 2014) (table).

Harris began filing petitions with the Court in 2011.[1] Since that time, he has filed twenty-six previous petitions or notices, and the majority of these filings have been related to his convictions and sentences in the above-noted circuit court cases. We have never granted the relief sought in any of Harris's filings, which have all been denied, dismissed, or transferred by the Court. Six of these previous filings have been habeas petitions attacking his convictions, and all six petitions were dismissed as unauthorized pursuant to *Baker*. The habeas petition in this case was no exception. Harris argued that he was convicted of uncharged crimes and that the trial court lacked subject matter jurisdiction to enter judgment and sentence in both of his cases. We dismissed the petition as unauthorized and directed Harris to show cause why he should not be barred from filing any further requests for relief

---

1. Although he was not convicted until 2013, Harris filed two pro se habeas petitions (Case Nos. SC11-2210 and SC12-1684) seeking affirmative relief in the context of his then pending trial court criminal cases. Because it was apparent that Harris was represented by counsel in ongoing criminal proceedings, both petitions were dismissed pursuant to *Logan v. State*, 846 So. 2d 472 (Fla. 2003).

and referred to the Department of Corrections for possible disciplinary action pursuant to section 944.279, Florida Statutes (2018).

Harris filed a response to the order to show cause in which he reasserts his claims regarding the trial court's lack of subject matter jurisdiction over his criminal cases. Although Harris concedes that he has raised the exact same claims in multiple petitions filed with this Court, he argues that his filings have not been frivolous because his claims have merit. In addition, Harris argues that in dismissing the instant habeas petition, the Court has violated its own policies and the law.

Upon due consideration of Harris's response, we conclude that it fails to show cause why sanctions should not be imposed. Based on his persistent history of filing pro se petitions that were meritless or otherwise inappropriate for this Court's review, Harris has abused the judicial process and burdened this Court's limited judicial resources. We further conclude that Harris's habeas petition filed in this case, which represents the seventh petition for writ of habeas corpus in which he has raised the same issues and sought the same relief, is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2018).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Gregory

Harris that are related to case numbers 132011CF0002020001XX and 132011CF0133700001XX, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Harris's behalf if counsel determines that the proceeding may have merit and can be brought in good faith. Furthermore, because we have found Harris's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2018), to forward a copy of this opinion to the Florida Department of Corrections institution or facility in which Harris is incarcerated.

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

Original Proceeding – Habeas Corpus

Gregory Harris, pro se, Raiford, Florida,

for Petitioner

No appearance for Respondent