GRIFFIN, J.
C.D., mother of D.C., a child, appeals an order adjudicating her child dependent. She argues that the trial court declared her child dependent based solely on her financial condition. We affirm.
The child whose dépendency is at issue is D.C., the three-month-old infant whose mother, C.D., is herself a dependent juvenile residing in the same emergency placement as her son. The facts are heartbreaking. The mother, C.D., and two of her siblings, fourteen and twelve years of age, were abandoned by their mother in 1993. Her father is in prison, serving a life sentence for the murder of one of her siblings. The only available placement for the children was with their 82-year-old great-great-grandmother who apparently operated a crack house out of the home where C.D., her siblings and her son were living. When the home was raided and the great-great-grandmother arrested, the children were placed in emergency shelter care. The baby is in the same placement as his mother. The mother is not employed and it is unclear whether she is attending school. She receives $400 per month from the child’s father, to whom she is not married.
The trial court found that the child was at risk of prospective neglect because the mother was unable to care for the child and the mother herself was a minor in foster care, unemployed and with no financial resources. The court also found that the child support received was sporadic and insufficient to allow the mother to support the child if she were not in foster care. Apart from prospective neglect, pursuant to section 39.01(14)(e), Florida Statutes (2001), a child can also be dependent if the child is found “to have no parent or legal custodians capable of providing supervision and care.” We find no error and affirm.
AFFIRMED.
PETERSON, J., concurs.
PLEUS, J., dissents, with opinion.