867 So.2d 1248 (2004)
P.G., Minor Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 4D03-2717.
District Court of Appeal of Florida, Fourth District.
March 17, 2004.
Rehearing Denied March 17, 2004.
*1249 Mitchell Cohen, Hallandale Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, Lori R. Shapiro and Jeffrey P. Bassett, Assistant Attorneys General, Fort Lauderdale, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny rehearing but withdraw our prior opinion and substitute the following in its place.
P.G., a minor child, appeals the trial court's order dismissing a Petition for Adjudication of Dependency filed on his behalf by private counsel. We affirm the dismissal, but on different grounds.
P.G. is a citizen of El Salvador. He entered the United States illegally in June 2001. The Immigration and Naturalization Service apprehended him, but subsequently released him into the custody of his uncle who lives in North Lauderdale, Florida. P.G. has been residing with his uncle since that time. In January 2003, counsel representing P.G. filed a private Petition for Dependency seeking to have P.G. declared dependent.[1] As the basis for the Petition, counsel alleged that P.G. was neglected and abandoned by his parents. At the time of the Petition, P.G. was bound over in immigration removal proceedings. The trial court determined that P.G. was not dependent within the meaning of Chapter 39, Florida Statutes, was not eligible for long term foster care, and was not eligible for special juvenile immigration status. The trial court dismissed the Petition on these grounds.
Appellee, the Department of Children and Family Services, contends that the dismissal was appropriate because the trial court lacked jurisdiction over the matter. We agree. Since P.G. is bound over in immigration removal proceedings, under § 1101 of the Immigration and Nationality Act, the Attorney General must consent to the trial court's jurisdiction over the dependency proceeding. 8 U.S.C. § 1101(a)(27)(J)(iii) states in relevant part:
(iii) in whose case the Attorney General expressly consents to the dependency order serving as a precondition to the grant of special immigrant juvenile status; except that
(I) no juvenile court has jurisdiction to determine the custody status or placement of an alien in the actual or constructive custody of the Attorney General unless the Attorney General specifically consents to such jurisdiction...
We find that P.G.'s status qualifies as constructive custody due to the fact that he is subject to the conditions outlined in 8 C.F.R. § 212.5 (2003). Subsection (d) places the following conditions on the parole:
Conditions. In any case where an alien is paroled under paragraph (b) or (c) of this section, those officials listed in paragraph (a) of this section may require reasonable assurances that the alien will appear at all hearings and/or depart the United States when required to do so. Not all factors listed need be present for parole to be exercised. Those officials should apply reasonable discretion. The consideration of all relevant factors includes:
(1) The giving of an undertaking by the applicant, counsel, or a sponsor to *1250 ensure appearances or departure, and a bond may be required on Form 352 in such amount as may be deemed appropriate;
(2) Community ties such as close relatives with known addresses; and
(3) Agreement to reasonable conditions (such as periodic reporting of whereabouts).
In addition, subsection (e) provides for the circumstances under which the parole may be terminated.
There was no evidence in the instant case that the Attorney General consented to the trial court's jurisdiction. Therefore, under section 1101, the trial court lacked jurisdiction. See also M.B. v. Quarantillo, 301 F.3d 109 (3d Cir.2002); Gao v. Jenifer, 185 F.3d 548 (6th Cir.1999). Affirmed.
WARNER, GROSS and HAZOURI, JJ., concur.
NOTES
[1] If P.G. is declared dependent, he will be eligible for special immigration status under 8 U.S.C. § 1101(a)(27). This provision allows juvenile immigrants who have been declared dependent by a juvenile court, and meet other conditions, to apply for a special immigrant visa and avoid deportation.