KLEIN, J.
We withdraw our opinion filed on June 9, 2004 and replace it with this opinion. S.H., an undocumented alien who came to Florida from Guatemala when he was sixteen, appeals the trial court’s order denying his petition to have him declared dependent on the ground that his parents, who live in Guatemala, have abandoned him. We affirm.
The order denying dependency was entered after a hearing at which there was no testimony. S.H. argues that the trial court erred in not declaring him dependent based on the verified petition filed by S.H.’s uncle. The petition alleged that S.H.’s parents live in Guatemala and that his father forced him to leave in order to obtain work in the United States and support his family in Guatemala. S.H. is presently living with his uncle in West Palm Beach. His mother and father have not supported him but have contacted him by telephone. The petition concludes that S.H. is therefore dependent and requests that S.H. be adjudicated dependent and placed with his uncle, a legal resident of the United States.
S.H. asserted that, because his parents were served with notice in Guatemala and failed to respond or appear at the hearing, he should be adjudicated dependent. He acknowledged that he is seeking dependency for no reason other than to change his immigration status and that there is no need for the services of DCF.[1] Although S.H. is now eighteen, which makes this case moot, we address the issue as the parties agree that this is an issue which has arisen before and will reoccur. Logan v. State, 846 So.2d 472 (Fla.2003).
Abandonment, which is a ground for a finding of dependency under section 39.01(14), Florida Statutes (2003) is defined under section 39.01(1):
“Abandoned” means a situation in which the parent or legal custodian of a child or, in the absence of a parent or legal custodian, the caregiver responsible for the child’s welfare, while being able, makes no provision for the child’s support and makes no effort to communicate with the child, which situation is sufficient to evince a willful rejection of parental obligations.
“Caregiver” is defined under section 39.01(10) as “the parent, legal custodian, adult household member, or other person responsible for a child’s welfare as defined in subsection (47).” Section 39.01(47) states that “ ‘Other person responsible for a child’s welfare’ includes the child’s legal guardian ... and also includes an adult sitter or relative entrusted with a child’s care.”
All that the petition establishes is that S.H.’s parents sent him to live with his uncle. These facts alone would not as a *1281 matter of law constitute abandonment. There was no proof that the uncle, who qualifies as a caregiver under the statute, has abandoned S.H. The trial court was therefore correct in not finding S.H. dependent.[2] Affirmed.
WARNER and HAZOURI, JJ., concur.

. Being declared dependent would benefit S.H. under 8 U.S.C. § 1101(a)(27)(I), (J).

. We have not overlooked S.H.'s argument that the trial court erred in determining it had no jurisdiction. Although Mr. Booth, as counsel for S.H., included on his own such a statement in the order he prepared for the court, the court at no time indicated it was without jurisdiction. Such a conclusion would have been totally inconsistent with the court’s finding that the parents "have not abandoned or neglected the minor child” under our statutes. We might not have gone to the trouble of publishing this indiscretion had it not been for the fact that Mr. Booth, after appellee pointed out all of the above, persisted in maintaining this position in appellant's reply brief, with reference to nothing other than the fact that it had been included in the order which he had prepared for the court’s signature. We remind Mr. Booth of his obligation under rule 4-3.3, Rules of Professional Conduct of candor toward the court. ■
Although jurisdiction was not an issue in the trial court, we note that the court did have subject matter jurisdiction in that S.H. was a child under section 39.01(12), Florida Statutes (2003). This case is distinguishable from P.G. v. Department of Children & Family Services., 867 So.2d 1248 (Fla. 4th DCA 2004), in which jurisdiction was preempted because the child was in custody of immigration officials.