PALMER, J.
 

 L.T., the uncle of K.S.L., appeals an order entered by the trial court declaring L.T. to be KS.L.’s legal custodian, but
 
 *929
 
 dismissing L.T.’s dependency petition. Because the trial court erred, as a matter of law, in dismissing L.T.’s dependency petition, we reverse.
 

 L.T. filed a petition for dependency regarding his nephew, K.S.L. The petition stated that K.S.L.’s parents were both deceased, K.S.L. was dependent within the meaning and intent of section 39.01(1), (2), (14)(e), (45) or (63) of the Florida Statutes (2009), and the only relative who was able to care for K.S.L. was L.T.
 

 At the dependency hearing, L.T. explained that the Department of Homeland Security had released K.S.L. to L.T. as a caretaker after K.S.L. was rescued when his boat capsized off the coast of Florida. L.T. explained further that he filed the dependency petition on behalf of K.S.L. because an adjudication of dependency would allow K.S.L. to petition as a special immigrant juvenile. L.T. was not requesting any services from DCF.
 

 The trial court dismissed L.T.’s dependency petition, but granted L.T. legal custody of K.S.L.:
 

 The child’s parents are deceased. The Court treats the Petition for Dependency as a Petition for Legal Custody. The child, who will be 18 years of age in 3 days is not a dependent child. The child’s uncle, the Petitioner, has been his caregiver for the past nine months and will continue to do so. The child’s uncle qualifies as a caregiver under F.S. 39.01(10), and therefore the child is not abandoned.
 
 See S.H. v. [Dep’t of Children & Families],
 
 880 So.2d 1279 (Fla. 4th DCA 2004).
 

 This Court declares that L.T., has legal custody of the child. This is in the best interest of the child.
 

 It is not in the best interest of the child to be returned to Haiti. There is no one in Haiti available to care for this child, and as previously indicated both parents are deceased.
 

 The Petition for Dependency is dismissed.
 

 L.T. contends that the trial court erred, as a matter of law, in dismissing his dependency petition because K.S.L. was dependent under
 
 F.L.M. v. Department of Children and Families,
 
 912 So.2d 1264 (Fla. 4th DCA 2005). We agree.
 

 F.L.M. was an orphan from Guatemala. At the time of the petition for dependency, F.L.M. was living with a family that was voluntarily furnishing him with a place to stay. The petition for dependency alleged that F.L.M. was abandoned and that he was dependent within the meaning of section 39.01 of the Florida Statutes. F.L.M. was seeking a dependency adjudication so that he could petition for legal residency in the United States under the federal special immigrant juvenile visa program. After concluding that the trial court possessed jurisdiction over the dependency proceeding, the Fourth District proceeded through its dependency analysis. The court addressed whether an orphaned child without a legal custodian is dependent under section 39.01(14)(e) of the Florida Statutes (now section 39.01(15)(e) of the Florida Statutes (2009)). The court answered the question in the affirmative, rejecting DCF’s argument that F.L.M. was not entitled to a finding of dependency because he was not abandoned under the Florida Statutes:
 

 At trial when the judge asked the Department if the child is dependent, counsel responded using the term abandoned. This is not properly characterized as an abandonment case. The same definitional statute defines abandoned as the failure (of whoever is responsible) while being able to provide a minor child with support, guidance and supervision. Strictly speaking, the term
 
 *930
 
 abandoned is not appropriate when the parents or guardian have died because, in that event, they are no longer able to do anything. The real question was whether an orphaned child without a legal custodian is dependent. Section 39.01(14)(e) provides the answer. When a judge finds that a child is orphaned and has no legal custodian, the legal conclusion is that the child is dependent. Those facts are the ones proven at the hearing. The child had lost both his parents to death, and there had never been anyone appointed by a legal authority to be his custodian. His circumstances fit exactly within the statutory definitions.
 

 Id.
 
 at 1268-69 (citation omitted). The Fourth District went on to distinguish the case of
 
 S.H. v. Department of Children and Families
 
 (the case which was relied on by the trial court in the instant case):
 

 [T]he Department’s reliance on
 
 S.H. v. Department of Children & Families,
 
 880 So.2d 1279 (Fla. 4th DCA 2004), is misplaced. There the child was not an orphan; his parents were still living in Guatemala. The child’s residency with an uncle in Florida was undertaken with the permission and consent of his living parents. Hence the child was not legally dependent because he was not abandoned. In contrast, here the child has no parents, no legal custodian, and no caregiver legally responsible for his welfare. His caregiver at the time of trial was a mere volunteer without legal appointment. Under these circumstances the child met the statutory requirements for dependency under section 39.01(14)(e).
 

 Thus, under
 
 F.L.M.,
 
 a child is dependent if the child is an orphan and has no legal custodian. Here, at the time of the dependency hearing, K.S.L. was an orphan with no legal custodian and, therefore, he was dependent.
 

 DCF submits several arguments in support of affirming the trial court’s order. Initially, DCF contends that the trial court’s order dismissing L.T.’s dependency petition should be affirmed because the trial court lacked subject matter jurisdiction to rule on the petition. To support this argument, DCF relies on
 
 P.G. v. Department of Children and Family Services,
 
 867 So.2d 1248 (Fla. 4th DCA 2004). In that case, P.G. was apprehended by the Immigration and Naturalization Service after illegally entering the United States. He was subsequently released into the custody of his uncle. At the time of the dependency petition, P.G. was “bound over” in immigration removal proceedings. The Fourth District held that, before the trial court could exercise jurisdiction over P.G., who the court found to be in constructive custody, the Attorney General was required to consent to the trial court’s jurisdiction.
 
 [1]
 
 DCF argues that, here, the trial court did not have jurisdiction since K.S.L. was the subject of removal proceedings, he was in the constructive custody of L.T., and the Attorney General did not consent to the trial court’s jurisdiction. However, the record does not contain any of the details of K.S.L.’s release to L.T., nor does the record reveal the status of any removal proceedings involving K.S.L. Therefore, the record does not support DCF’s argument that the trial court lacked subject matter jurisdiction over the instant dependency petition.
 

 DCF also contends that the trial court’s order should be affirmed because L.T. failed to comply with notice and service of process requirements set forth in sections 39.502 and 39.503 of the Florida
 
 *931
 
 Statutes (2009). However, DCF waived this issue for purposes of appellate review by failing to raise it below.
 
 See B.M. v. Dep’t of Children & Families,
 
 981 So.2d 1229, 1238 (Fla. 4th DCA 2008).
 

 Lastly, DCF contends that the trial court’s order dismissing the dependency petition is moot because K.S.L. has reached the age of majority. In
 
 F.L.M.,
 
 the Fourth District held that the appeal of the trial court’s order dismissing the dependency petition was not moot, despite the fact that the child had reached majority, because the denial of the declaration of dependency had the effect of continuing to deprive the child of a legal basis for regularizing the child’s immigration status.
 
 F.L.M. v. Dep’t of Children & Families,
 
 912 So.2d at 1269. Likewise, in this case, the issue is not moot.
 

 REVERSED and REMANDED.
 

 TORPY and LAWSON, JJ, concur.
 

 [1]
 

 .
 
 See also 8
 
 U.S.C. § 1101(a)(27)(J)(iii)(2003).