[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14151
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cv-02803-JEC


PHILLIP MORRIS LEWIS,

Petitioner-Appellant,

versus

WARDEN, PHILLIPS STATE PRISON,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 14, 2016)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for seeking federal habeas corpus relief from a state court judgment. See 28 U.S.C. § 2244(d)(1). The issues presented in this case concern whether William Lewis' habeas petition is barred by that provision. As stated in the certificate of appealability (COA) issued by the district court, those issues are:

1. Whether [Lewis'] mental impairments entitle him to equitable tolling sufficient to render his habeas petition timely filed;

2. Whether [Lewis'] resentencing on June 28, 2006 [to correct a clerical error in his original sentence] affects the computation of the one-year federal limitations period; [and]

3. Whether [Lewis] is entitled to the benefit of the 90-day period for seeking certiorari review in the United States Supreme Court with respect to his state court judgment of conviction even though he did not seek certiorari review in the Georgia Supreme Court.

Our answers to those questions are: no; it doesn't matter; and no.

## I.

A jury in Murray County, Georgia convicted Lewis of rape and aggravated sodomy, among other crimes. On March 26, 2003, the Murray County Superior Court sentenced him to concurrent life terms, under O.C.G.A. § 17-10-7(a) and (c), for rape and aggravated sodomy. The written judgment containing Lewis' sentences incorrectly indicated that the court imposed the sentence for the aggravated sodomy conviction under O.C.G.A. § 17-10-6.1, and it did not specify

2

the subsections of § 17-10-7 under which the court imposed the sentence for the rape conviction.  On February 22, 2005, the Georgia Court of Appeals affirmed Lewis' convictions and sentences on direct appeal.  Lewis did not petition the Georgia Supreme Court for certiorari.

On June 6, 2005, Lewis filed his state habeas petition in Gwinnett County Superior Court.  That court denied that petition on April 19, 2006, but issued a limited remand to the trial court to correct the "clerical errors" in the written judgment: the judgment's citation of § 17-10-6.1 as the basis for the aggravated sodomy sentence and its failure to specify which subsections of § 17-10-7 were the basis for the rape sentence.  Before the trial court had corrected his sentence, Lewis applied to the Georgia Supreme Court for a certificate of probable cause (CPC) and filed with the clerk of the Gwinnett County Superior Court a notice of appeal of the denial of his state habeas petition.  While his application was pending, on June 28, 2006, the trial court corrected Lewis' sentence to reflect the proper statutory citations.  The Georgia Supreme Court denied his application for a CPC on November 6, 2006.

Lewis filed his federal habeas petition on October 23, 2007.  The warden of the facility where he was incarcerated moved to dismiss the petition on the ground that it was untimely under AEDPA's one-year limitations period.  Lewis offered a

3

number of reasons why his petition should be considered timely, including the three that are reflected in the issues specified in the COA.

As to the first certified issue: Lewis' mental impairments do not entitle him to equitable tolling.  They do not because he has failed to show that they prevented him from timely filing his petition. To avail himself of equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010).  The district court's finding that Lewis' mental impairments did not prevent him from timely filing his federal habeas petition is a factual finding which we review only for clear error.  See San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). A finding is clearly erroneous if a reviewing court is left with a "definite and firm conviction" that the finding is wrong.  Branch v. Sec'y, Fla. Dep't of Corr., 638 F.3d 1353, 1356 (11th Cir. 2011).

The record shows that despite his asserted impairments Lewis was generally capable of doing the sort of work necessary to file a habeas petition.  For example, Dr. William Schneider testified that, notwithstanding Lewis' mental illness, he was able to write letters, fill out simple forms, and draft short rebuttals to disciplinary charges in prison.  He further testified that Lewis was aware of his legal problems and showed an interest in pursuing his rights.

Lewis' conduct at the state habeas hearing also supports the conclusion that, despite his mental impairments, he could have timely filed his petition had he been reasonably diligent. Representing himself at the hearing, Lewis demonstrated an understanding of his claims and at least some ability to impeach opposing witnesses, including his trial counsel, Jerry Moncus. Although Lewis was sometimes confused, he was for the most part able to articulate his disagreements with Moncus and question him about those disagreements. Throughout his state and federal habeas litigation, Lewis also demonstrated an awareness of deadlines and an ability to respond to them in a timely manner. And, as Lewis testified during the federal habeas proceedings, he had finished the eleventh grade, obtained his GED, and could read and write. For all of these reasons, we are not left with the "definite and firm conviction" that the district court erred in finding that Lewis' mental impairments prevented him from filing his federal habeas petition on time.

Lewis contends that his case is materially indistinguishable from Hunter v. Ferrell, 587 F.3d 1304 (11th Cir. 2009), in which we vacated the denial of a § 2254 petition because the petitioner presented sufficient evidence to create a genuine issue of material fact as to the existence of a causal link between his mental impairment and his ability to timely file a federal habeas petition. The comparison to Hunter is inapt because Lewis' impairments are substantially less severe than Hunter's were. Unlike Hunter, Lewis is literate, has received his GED, and has

5

never been deemed intellectually disabled. Likewise, although one doctor opined that Lewis struggles to express his thoughts in a clear and organized manner, Lewis is better able to intelligibly express himself than Hunter was. Finally, although Lewis, like Hunter, relied on the assistance of other inmates for his post-conviction filings, the record demonstrates that, unlike Hunter, Lewis understands his legal rights sufficiently that he could have filed his federal habeas petition on time. All of those facts materially distinguish this case from Hunter.

Holding the second COA issue in abeyance for the time being, the third one is: "Whether [Lewis] is entitled to the benefit of the 90-day period for seeking certiorari review in the United States Supreme Court with respect to his state court judgment of conviction even though he did not seek certiorari review in the Georgia Supreme Court." AEDPA's limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). United States Supreme Court Rule 13(1) says that:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

6

The upshot is that, for purposes of AEDPA's limitations period, when a party petitions a "state court of last resort" to review a judgment by a lower state court, the time for seeking review of the judgment expires 90 days after the state court of last resort either enters its judgment or enters an order denying discretionary review. And with the expiration of that time AEDPA's limitations period begins to run.

Lewis interprets Supreme Court Rule 13(1) to mean that AEDPA's statute of limitations did not begin to run until 90 days after the Georgia Court of Appeals affirmed his convictions. That argument fails because, by its terms, Rule 13(1)'s 90-day period for seeking United States Supreme Court certiorari review applies only to parties who have sought to have the judgments against them reviewed by a state court of last resort. Lewis does not fit that description. The Georgia "state court of last resort" is the Georgia Supreme Court, Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006), and Lewis never petitioned that court to review his convictions or sentences. Accordingly, he was never eligible to petition the United States Supreme Court for certiorari review and is not entitled to benefit from the 90-day reprieve from the running of the limitations period that would have applied if he had been eligible.

Lewis suggests that Georgia Supreme Court Rule 40 effectively makes the Georgia Court of Appeals the court of last resort, but he is wrong. Rule 40 simply

provides that certiorari review by the Georgia Supreme Court is discretionary, and that, for purposes of Georgia law, a state prisoner is deemed to have exhausted all available state remedies once the Georgia Court of Appeals has ruled on his appeal.  See Ga. Sup. Ct. R. 40.[1]  Nothing in the rule strips the Georgia Supreme Court of jurisdiction to review direct appeals by Georgia state prisoners.  It remains the highest state court in which a decision on a Georgia criminal conviction may be had — in other words, it remains the "state court of last resort." As a result, if Lewis wanted to petition the United States Supreme Court for certiorari review of the judgment against him, he first had to petition for review by the Georgia's highest court.  Because he did not do so, the 90-day period that United States Supreme Court Rule 13(1) provides for filing a petition for a writ of certiorari in that Court does not affect the finality of the judgment against him, Georgia Supreme Court Rule 40 notwithstanding.

We turn now to the second issue in the COA: "Whether [Lewis'] resentencing on June 28, 2006 [to correct clerical errors in his original sentences] affects the computation of the one-year federal limitations period."  We need not resolve that issue because our resolution of it would not affect the outcome of this appeal.  See Otero v. United States, 499 F.3d 1267, 1269 n.1 (11th Cir. 2007).

---

[1] Rule 40, which provides the standard for certiorari review by the Georgia Supreme Court in criminal cases, is not to be confused with Georgia Supreme Court Rule 36, which provides the standard for granting review by that court "in a habeas corpus case involving a criminal conviction."

Even were we to agree with Lewis' argument, his federal habeas petition would have been due by July 28, 2007, a year after the end of the 30-day period for appealing his amended sentence from the trial court to the Georgia Court of Appeals.  Lewis did not file his federal habeas petition until October 2007.  It is untimely regardless of how we would decide the second issue specified in the COA.

Finally, Lewis contends that, because his state habeas appeal was pending when the sentencing court amended his judgment, the sentencing court lacked jurisdiction to amend the judgment or take any other action in his criminal case.  As a result, he argues, there is still no valid sentence in his case, which means AEDPA's limitations period has not even begun to run.  Our review in habeas cases is limited to the issues certified for appeal.  See McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).  Because Lewis' argument about the validity of the amended sentence in his case is not among the issues in the COA, we do not consider it.

**AFFIRMED.**

9