[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12599
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cv-80488-KAM

THOMAS BURGESS,

Petitioner-Appellant,

versus

W. T. TAYLOR,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Thomas Burgess appeals the district court's denial of his amended petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, in which he challenged prison disciplinary proceedings against him.

On June 5, 2012, a prison disciplinary hearing officer (DHO) found Burgess had fought with his cellmate, and revoked 27 days of Burgess's accrued good conduct time credits. In his § 2241 petition, Burgess claimed he was not afforded sufficient due process before this punishment was imposed because he did not receive written notice of the charge against him, as contained in a copy of the incident report regarding the fight, until after his DHO hearing. The district court denied the petition, finding that Burgess received the incident report at least 24 hours prior to the DHO hearing.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, when a prison disciplinary proceeding may result in the loss of good time credits, an inmate is entitled to the following procedural due process protections: (1) written notice of the charges against him, provided at least 24 hours before the proceeding; (2) an opportunity to call witnesses and present documentary evidence in his defense, when it will not be unduly hazardous to institutional safety or correctional goals;

2

and (3) a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action. *Id.* at 563-66.

The district court did not err in denying Burgess's § 2241 petition, as there was no clear error in its factual finding that Burgess received written notice of the charge against him, as contained in the incident report, at least 24 hours before the DHO hearing. *See Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (reviewing the denial of a § 2241 petition, and explaining we review the district court's findings of fact for clear error and questions of law *de novo*). In the incident report, Lieutenant L. Chaney indicated he delivered the report to Burgess on May 25, 2012, prior to the DHO hearing on June 5, 2012. The DHO report also indicated that Chaney provided Burgess a copy of the incident report on May 25, 2012. Further, although Burgess was notified before the DHO hearing of his right to receive a written copy of the charge against him, and received the DHO report, which indicated that he received a copy of the incident report before the DHO hearing, at no point during the DHO hearing or the administrative appeal process did he claim that he did not receive the incident report before the DHO hearing. Thus, we are not left with the "definite and firm conviction" that the district court's factual finding was wrong. *See Branch v. Sec'y, Fla, Dep't of Corr.*, 638 F.3d

3

1353, 1356 (11th Cir. 2011) (explaining a finding of fact "is clearly erroneous when we are left with the "definite and firm conviction that it is wrong").[1]

**AFFIRMED.**

---

[1] We do not consider Burgess's argument that his due process rights were violated because he was not provided with a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action until after the sanction was imposed at the DHO hearing, as he raises it for the first time on appeal. *See Mills v. Singletary*, 63 F.3d 999, 1008 n.11 (11th Cir. 1995).