**Evert STEPHEN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 16-12952**
**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(August 23, 2017)

Janice Louise Bergmann, Federal Public Defender's Office, Fort Lauderdale, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Petitioner-Appellant

Robert Benjamin Cornell, Laurence Michael Bardfeld, U.S. Attorney's Office, Fort Lauderdale, FL, Wifredo A. Ferrer, Emily M. Smachetti, Sivashree Sundaram, U.S. Attorney's Office, Miami, FL, for Respondent-Appellee

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Evert Stephen, a federal prisoner serving a 15-year sentence after pleading guilty to being a felon in possession of a firearm, appeals the denial of his motion to vacate filed pursuant to 28 U.S.C. § 2255. Stephen was granted a certificate of appealability on the following issue: "Whether the district court erred in assessing Mr. Stephen's constitutional claim that trial counsel was ineffective with regard to filing a notice of appeal based on its finding

that counsel had testified at the evidentiary hearing that Stephen had instructed him not to appeal?" After review,[1] we affirm the district court.

Stephen asserts his trial counsel was ineffective for failing to adequately consult with him such that he could make an intelligent and knowing decision about whether to appeal. He asserts *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), does not preclude a defendant who instructed counsel not to file an appeal from arguing that counsel's advice regarding *whether* to appeal was itself inadequate, causing the defendant to instruct the counsel not to appeal.

To succeed on an ineffective-assistance claim, a defendant must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With respect to the first prong of *Strickland*, an attorney who disregards specific instructions from his client to file a notice of appeal acts in a professionally unreasonable manner. *Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. 1029. "At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* (emphasis in original).

However, in "those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken," a court must first inquire into whether counsel consulted with the client regarding the advantages and disadvantages of appealing and made a reasonable effort to determine the client's wishes. *Id.*

at 478, 120 S.Ct. 1029. "If counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* If counsel performed deficiently, the defendant must demonstrate prejudice by showing that there was a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed. *Id.* at 484, 120 S.Ct. 1029.

The district court did not err in assessing Stephen's ineffective-assistance claim based on its factual finding Stephen directed counsel not to appeal. As an initial matter, the court did not clearly err in adopting counsel's version of the events as the more credible one, and we allot substantial deference to the factfinder in reaching credibility determinations with respect to witness testimony. *See Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).

The district court's conclusion that *Flores-Ortega* did not apply to Stephen's case was not erroneous. First, the court's factual finding that Stephen affirmatively told counsel not to appeal was not clearly erroneous, as counsel's "memo to file" that was made contemporaneously with Stephen's sentencing, which was part of the testimony at the evidentiary hearing, explicitly noted counsel explained to Stephen that he had a right to appeal, but Stephen told counsel not to. Hence, the court's factual finding was supported by evidence in the record and does not leave this Court with the definite and firm conviction that it is wrong. *See Branch v. Sec'y, Fla. Dep't of Corr.*, 638 F.3d 1353, 1356 (11th Cir. 2011) ("A finding is clearly erroneous when we

---

1. In a § 2255 proceeding, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Devine v. United States,* 520 F.3d 1286, 1287 (11th Cir. 2008).

Whether counsel was ineffective is a mixed question of law and fact that we review *de novo. Id.*

956

are left with the definite and firm conviction that it is wrong.").

Second, the court did not err by concluding that, because Stephen affirmatively told counsel not to appeal, *Flores-Ortega* did not provide the relief sought. *Flores-Ortega* concerned a defendant who had not clearly conveyed his wishes regarding appeal one way or the other. *See Flores-Ortega*, 528 U.S. at 477, 120 S.Ct. 1029. Conversely, in Stephen's case, he clearly conveyed to counsel that he did not wish to pursue an appeal.

Finally, Stephen's argument that the Supreme Court in *Flores-Ortega* indicated that failing to adequately consult with a defendant about an appeal "itself constitutes deficient performance" is unavailing. The paragraph to which Stephen cites begins by clarifying that it applies to "those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken." *Flores-Ortega*, 528 U.S. at 478, 120 S.Ct. 1029. *Flores-Ortega* stated that, in such cases, the court must inquire into whether counsel consulted with the defendant about an appeal, and, if not, whether failure to do so "itself constitutes deficient performance." *Id.* As discussed above, this inquiry was not required in Stephen's case, as the district court found that he affirmatively instructed counsel not to appeal, and that finding was not clearly erroneous. Accordingly, the district court did not err in assessing Stephen's ineffective-assistance claim based on its non-clearly erroneous finding he told Orenstein not to appeal, and we affirm.

**AFFIRMED.**