[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12605
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00046-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK SMALLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 19, 2019)

Before WILLIAM PRYOR, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Derrick Smalls appeals his conviction for attempted online enticement of a minor, in violation of 18 U.S.C. § 2422(b).  No reversible error has been shown; we affirm.

This case arises from an undercover operation -- run by the Georgia Bureau of Investigations Internet Crimes Against Children Task Force -- that targeted adults who contact children online for purposes of meeting for sex.  Investigator Wilkerson worked with the Task Force as a chat operator, posing as a fictitious 14-year-old girl named Brianna.  As part of the operation, Investigator Wilkerson placed an ad on Craigslist, claiming to be a female inviting men to contact her.

Smalls responded to the Craigslist ad.  Smalls then exchanged a series of text messages with "Brianna," during which he made arrangements to meet Brianna in person.  When Smalls arrived at the house where Brianna purportedly lived, he was arrested.

Immediately after the arrest, officers conducted a search of Smalls's person and then completed the booking process, all of which took about twenty minutes.

2

Smalls was then moved to another room where an agent read Smalls his Miranda[1] rights.  After Smalls signed a written waiver of rights form, he participated in a videotaped interview with two Task Force agents during which he made incriminating statements.  Smalls proceeded to trial, after which the jury returned a guilty verdict.

I.    Motion for Judgment of Acquittal

On appeal, Smalls first challenges the district court's denial of his motion for judgment of acquittal.  Smalls contends that insufficient evidence existed to prove beyond a reasonable doubt that Smalls believed that the person with whom he was texting was actually 14 years' old.

"We review de novo a district court's denial of judgment of acquittal on sufficiency of the evidence grounds."[2]  United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013).  In making that determination, "we consider the evidence in

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

[2] We note that it appears Smalls failed to renew his motion for judgment of acquittal at the end of all the evidence, which would ordinarily subject Smalls's argument to a heightened manifest-miscarriage-of-justice standard of review.  See United States v. House, 684 F.3d 1173, 1196 (11th Cir. 2012).  We need not decide this standard-of-review issue on appeal, however, because Smalls's sufficiency-of-the-evidence challenge fails under either standard of review.

3

the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." Id. We will not overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." Id. Because the "jury is free to choose among reasonable constructions of the evidence," the government need not "disprove every reasonable hypothesis of innocence." United States v. Foster, 878 F.3d 1297, 1304 (11th Cir. 2018) (quotations omitted).

To obtain a conviction for enticement of a minor, the government must prove, among other things, that "the defendant understood and believed that a minor was involved." United States v. Rothenberg, 610 F.3d 621, 626 (11th Cir. 2010).

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to conclude beyond a reasonable doubt that Smalls believed he was communicating with a 14-year-old and, thus, was guilty of the charged offense. The text-message exchange between Smalls and Brianna included Brianna's express statement that she was 14 years' old as well as other indicators consistent with Brianna being a young person. That Smalls asked Brianna whether she was a police officer and asked Brianna

4

whether his being 21[3] was "an issue" further evidenced that Smalls understood that Brianna was underage.  Smalls also made several statements during his post-arrest interview that supported a finding that Smalls believed Brianna was 14 years' old. During the interview, Smalls said he was "puzzled" about why a 14-year-old would be texting him at that time of night, that he only came to the house to warn Brianna's parents about Brianna's conduct, and later admitted that he was looking for companionship and was "too far into it" by the time he learned Brianna's age.

Because the evidence was sufficient to permit a jury to conclude reasonably that Smalls was guilty beyond a reasonable doubt, the district court committed no error in denying Smalls's motion for judgment of acquittal.  The jury was free to disbelieve Smalls's theory that he believed Brianna was an adult woman who was just playing around, joking, or pretending to be a minor.

II.    Prosecutorial Comment on Smalls's Post-Arrest Silence

Smalls also argues that the district court erred in failing to give a curative jury instruction after the government commented on Smalls's post-arrest silence. During the government's closing argument, the prosecutor made this statement:

---

[3] Smalls was, in fact, 37 years' old at the time.

The booking is the third category of evidence that I would like to discuss. And the booking is a very small part of it, but it is an integral part of the evidence. Basically, it shows the defendant being arrested. The primary reason I wanted to show you that was because it shows that the defendant was being treated decently and humanely by the police. . . .

We also wanted to show you, though, that during this part of the process the defendant said nothing about being entrapped; he said nothing about how he was supposedly going to this residence to tell the parents; or he said nothing about believing that the undercover was really not 14. So during this 20-minute window or so when he could've said anything about his situation that he wanted to, it's important to note that he said nothing about the three defenses that he's going to try to convince you of in just a few minutes. He needed a lot more time to come up with those defenses, and the reason he needed more time is because none of them apply to his case and none of them are true.

## A.

Smalls first contends -- citing Doyle v. Ohio, 426 U.S. 610, 617-19 (1976) -- that the prosecutor's statement violated Smalls's due process rights because the comment equated Smalls's post-arrest silence with guilt. This argument is foreclosed by binding precedent.

"Doyle does not apply, and a defendant's constitutional rights are not violated, when a prosecutor comments on the pretrial silence of a defendant before he was advised of his Miranda rights by a law enforcement officer or other agent of

6

the state." Branch v. Sec'y, Fla. Dep't of Corr., 638 F.3d 1353, 1354 (11th Cir. 2011); see Fletcher v. Weir, 455 U.S. 603, 606 (1982) (limiting Doyle to cases involving post-Miranda silence "where the government had induced silence by implicitly assuring the defendant that his silence would not be used against him"). Here, the prosecutor's comment referenced clearly only Smalls's silence during the 20-minute booking process immediately following Smalls's arrest. That the booking process happened before Smalls was read his Miranda rights is undisputed. The government's comment thus constituted no Doyle violation which might have demanded a curative jury instruction.

## B.

Smalls next contends that the government's comment about his post-arrest silence referenced improperly Smalls's failure to testify at trial. Smalls argues that the jury would have "naturally and necessarily" interpreted the government's comment as relating to Smalls's decision not to testify.

"The Fifth Amendment prohibits a prosecutor from commenting directly or indirectly on a defendant's failure to testify." United States v. Muscatell, 42 F.3d 627, 631 (11th Cir. 1995). A prosecutor's comment violates the Fifth Amendment

7

if: "(1) the statement was <u>manifestly intended</u> to be a comment on the defendant's failure to testify; or (2) the statement was of such a character that a jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." <u>United States v. McGarity</u>, 669 F.3d 1218, 1241 (11th Cir. 2012) (emphasis in original). "The question is not whether the jury possibly or even probably would view the remark in this manner, but whether the jury <u>necessarily</u> would have done so." <u>United States v. Swindall</u>, 971 F.2d 1531, 1551 (11th Cir. 1992) (emphasis in original).

On this record, we cannot conclude that the prosecutor's statement violated the Fifth Amendment. The prosecutor made no direct comment about Smalls's election not to testify at trial. And nothing about the prosecutor's comment -- which referred only to the "20-minute window" immediately following Smalls's arrest -- would "<u>necessarily</u>" be viewed as implicating Smalls's failure to testify at trial. The district court thus committed no error in not issuing a curative instruction.

C.

8

Smalls also contends that the government's comment shifted improperly the burden to Smalls to assert his entrapment defense before trial.  We see no error. The district court issued a jury instruction on Smalls's entrapment defense: an instruction that included no requirement that the entrapment defense be raised prior to trial.  The district court also instructed the jury properly about the presumption of innocence when a defendant does not testify at trial and instructed the jury that statements made by the parties' lawyers are not evidence.

On this record, the district court committed no error in declining to give Smalls's requested jury instruction on entrapment.  "The district court has broad discretion in formulating a jury charge so long as the charge as a whole accurately reflects the law and the facts."  United States v. Richardson, 233 F.3d 1285, 1292 (11th Cir. 2000).  Nothing in this record evidences that the district court misstated the law or the facts or that the jurors were otherwise misled.  We also presume that the jurors followed the district court's instructions.  See United States v. Hill, 643 F.3d 807, 829 (11th Cir. 2011).

AFFIRMED.