PER CURIAM.
Ruben Israel Rentas has filed a petition for writ of mandamus alleging that he has been erroneously denied the right to represent himself in the criminal proceedings pending below. We dismiss the petition as unauthorized.
Generally, a criminal defendant is not entitled to hybrid representation; that is, he may not represent himself, while at the same time being represented by counsel. Sheppard v. State, 17 So.3d 275, 279 (Fla.2009); Logan v. State, 846 So.2d 472, 474 (Fla.2003). Pro se pleadings filed in this Court while a defendant is represented by counsel in the trial court are unauthorized. Sheppard, 17 So.3d at 280-82; Logan, 846 So.2d at 475-76.The Florida Supreme Court explained in Logan:
If a petition clearly indicates that the petitioner is represented by counsel in the pending criminal proceeding, and the petitioner does not unequivocally seek to discharge counsel in that proceeding by way of the petition, the petition will be dismissed as unauthorized.
846 So.2d at 479. Thus, an exception exists where the defendant is seeking to discharge counsel by way of the petition.
We write to clarify that the exception set forth in Logan applies where the defendant seeks mandamus in this Court to compel a trial court to rule on an unequivocal request for self-representation. Logan does not create a right to nonfinal review of a trial court’s ruling on a request for self-representation.
Here, petitioner alleges that, although the court initially granted his request for self-representation, the trial court erroneously construed a letter he sent as seeking to withdraw from representing himself. Petitioner does not allege that he has been precluded from again requesting self-representation. The Logan exception does not apply in these circumstances. He is not entitled to nonfinal review of the trial court’s ruling on the self-representation issue. A trial court’s handling of a request for self-representation is reviewable on direct appeal. E.g., McCray v. State, 71 So.3d 848, 864 (Fla.2011).

Petition dismissed.

WARNER, GROSS and LEVINE, JJ„ concur.