# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2496
Lower Tribunal No. 09-3548
_____

**Gabriel Del Risco,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Victoria R. Brennan, Judge.

Simon T. Steckel, for appellant.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellee.

Before ROTHENBERG, SALTER, and LOGUE, JJ.

LOGUE, J.

ON MOTION FOR REHEARING AND TO VACATE OPINION FOR LACK OF

JURISDICTION

We grant the appellant's motion for rehearing and to vacate opinion for lack of jurisdiction, vacate the prior per curiam affirmance issued December 16, 2015, and issue the following opinion in its stead.

The defendant filed a pro se Florida Rule of Civil Procedure 3.850 motion for post-conviction relief in the circuit court on September 11, 2013. Counsel was retained to represent the defendant as to the motion for post-conviction relief. The matter was set for hearing, but defense counsel asserts that he was not properly notified of the hearing date. The motion was denied by the circuit court through a written order on September 29, 2015. Defense counsel was not immediately aware of the denial and unbeknownst to defense counsel, a copy of the order denying the motion was forwarded to the incarcerated defendant. Upon defense counsel's motion, on October 26, 2015, the trial court subsequently vacated its September 29, 2015 order. However, on or about October 26, 2015, the defendant submitted his pro se notice of appeal in the instant case at his correctional facility, but it was not filed with the clerk of the court until October 30, 2015. Because the trial court had already vacated the September 29, 2015 order at the time the pro se notice of appeal was filed, there was no appealable order within the jurisdiction of this Court, and the notice of appeal is a nullity. See Little v. Little, 616 So. 2d 1179,

1180 (Fla. 1st DCA 1993) ("[T]he mailbox rule cannot, without notice, invoke the jurisdiction of one court while divesting another court of jurisdiction."). We therefore vacate our decision of December 16, 2015 and dismiss the appeal for lack of jurisdiction.

Appeal dismissed.