# Third District Court of Appeal

## State of Florida

Opinion filed March 7, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1245
Lower Tribunal No. 10-27774

_____

**Jesse Loor,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.


Before ROTHENBERG, C.J., and SUAREZ, and LOGUE, JJ.

PER CURIAM.

*ON MOTION TO VACATE OPINION FOR LACK OF JURISDICTION*

We grant the appellant's motion to vacate opinion for lack of jurisdiction, vacate the prior per curiam affirmance issued on April 15, 2015, and issue the

following opinion in its stead. See Del Risco v. State, 203 So. 3d 909 (Fla. 3d DCA 2016), vacating for lack of jurisdiction, 207 So. 3d 886 (Fla. 3d DCA 2015) (unpublished table decision).

Before trial, the defendant filed a pro se Notice of Waiver of Counsel that the trial court subsequently denied after a Faretta hearing. See Faretta v. California, 422 U.S. 806 (1975). Specifically, the trial court found that the defendant was not competent to conduct his own defense at trial, and the defendant filed a pro se notice of appeal of that order. Counsel for the defendant was unaware of the appeal.

A criminal defendant generally does not have the right to an interlocutory appeal. Lopez v. State, 638 So. 2d 931, 932 (Fla. 1994). The trial court's order at issue here "does not fall within any of the enumerated categories of appealable non-final orders found in Florida Rule of Appellate Procedure 9.130 or 9.140(b)." Accordingly, this Court lacked jurisdiction to rule on the defendant's interlocutory appeal. See Baez v. State, 985 So. 2d 1223, 1224 (Fla. 3d DCA 2008); see also Rentas v. State, 133 So. 3d 1117, 1117 (Fla. 4th DCA 2014) ("[The defendant] is not entitled to nonfinal review of the trial court's ruling on the self-representation issue."). We therefore vacate our decision of April 15, 2015.