# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1812
Lower Tribunal No. 20-0633-A-K

_____

**David James Lola,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark Wilson, Judge.

David James Lola, in proper person.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before LINDSEY, MILLER, and LOBREE, JJ.

LINDSEY, J.

Appellant David James Lola appeals, pro se, from a non-final order assigning the public defender to represent him.[1]  After Lola filed this pro se appeal, the trial court conducted a <u>Nelson</u> and <u>Faretta</u> hearing[2] and permitted Lola to represent himself.  The record reflects that at a subsequent hearing on March 30, 2021, Lola requested the appointment of counsel and counsel was appointed.  The record also reflects that Lola is currently represented by counsel below.  Despite being represented by counsel, on July 15, 2021, Lola filed a pro se initial brief in this Court, raising a host of pretrial issues.  In its Answer Brief, the State addresses these issues as if they were raised in a petition for writ of habeas corpus and a petition for writ of prohibition.  The State contends dismissal is required because Lola is currently represented by counsel.  We agree.

In <u>Logan v. State</u>, 846 So. 2d 472, 479 (Fla. 2003), our Supreme Court explained the "long-standing precedent in this State" that a defendant does

---

[1] This Court ordered Lola to show cause why the appeal should not be dismissed as taken from a non-final, non-appealable order.  <u>See</u> <u>Rentas v. State</u>, 133 So. 3d 1117, 1117 (Fla. 4th DCA 2014) (explaining that although a defendant may file a petition for writ of mandamus compelling a trial court to rule on an "unequivocal request for self-representation[,]" there is no "right to nonfinal review of a trial court's ruling on a request for self-representation.").

[2] <u>Faretta v. California</u>, 422 U.S. 806 (1975); <u>Nelson v. State</u>, 274 So. 2d 256 (Fla. 4th DCA 1973).

not have a constitutional right to hybrid representation.  See also Johnson v. State, 974 So. 2d 363, 364–65 (Fla. 2008) ("We now clarify that the rule announced in Logan is not limited to cases where the defendant is represented by trial counsel.   The rule applies to any pro se filings submitted by litigants seeking affirmative relief in the context of any criminal proceeding where a death sentence has not been imposed, whether direct or collateral, either in the trial court or a district court of appeal, and who are represented by counsel in those proceedings."); Rentas, 133 So. 3d at 1117 ("Generally, a criminal defendant is not entitled to hybrid representation; that is, he may not represent himself, while at the same time being represented by counsel.); Loor v. State, 271 So. 3d 105, 105–06 (Fla. 3d DCA 2019) (dismissing a petition for writ of habeas corpus as unauthorized, even though petitioner was not represented by counsel when he filed the petition, because petitioner was later represented by counsel in the proceedings below).

Because Lola is currently represented by counsel below, we dismiss this pro se appeal as unauthorized pursuant to the well-established rule against hybrid representation set forth in Logan.

Appeal dismissed.

3